FILED
2011 May-04  PM 03:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

Case #:

# In The United States District Court

## For the Northern District of Alabama

### Birmingham, Alabama.

| Plaintiff | | Defendants |
|---|---|---|
| **Kesiena Tani**<br>**P.O. Box 383172,**<br>**Birmingham, Alabama 35238**<br>**PH: (240) 880-8673**<br>**E-Mail: kess.tani@yahoo.com** | Vs. | **Shelby County, et al**<br>**Engel Realty Company, Inc., et al**<br>**Madison At Shoal Run, LLC, et al** |

## Title: Civil Rights Violations

Case  CV-11-RRA-1479-S

## Trial By Jury Demanded

Kess Tani                 Page 1 of 84                 5/4/2011 6:56 AM

Case #:

# TABLE OF CONTENTS.

1.  Introduction ........................................................................................... 3

2.  Elements of Law Suit ............................................................................... 7

3.  Background ........................................................................................... 13

4.  Statement of Material Facts, Supporting Evidence, Relevant Intervening & Controlling
    Laws/Statutes & Claims............................................................................. 19

5.  Analysis of Defendants' Liability.................................................................. 55

6.  Defendants' Improper Ulterior Motive(s)......................................................... 57

7.  Direct/Proximate Causation of Defendants' Unlawful Actions.................................. 59

8.  Harm/Injuries Sustained By the Plaintiff......................................................... 60

9.  Specific Civil Rights and Federal & State Statutes/Laws Violated By Defendants............ 61

10. Claims/Counts ...................................................................................... 62

11. Affidavit in Support of Complaint................................................................. 70

12. Exhibits 1 Thru 8 ................................................................................... 71

**Case #:**

# **INTRODUCTION**

Kesiena Tani (Hereinafter Referred to as Plaintiff/Kess Tani) Hereby Initiate a Civil Rights and Tort Law Violations Complaint, for Declaratory, Injunctive, Compensatory Damages, Statutory Damages, Attorneys' Fees, Cost of Action, and Punitive Damages, Sought Against Shelby County, et al; Engel Realty Company, Inc., et al and Madison At Shoal Run, LLC, et al, in the above Titled Case, and Allege/Assert the Following Claims/Violations Against the Instant Defendants:

13. **Unlawful Searches, Seizures, Buglarization, Theft, and Conversion/Misappropriation of Plaintiff's Properties Under the Color of State Law,** *In Violation of Provisions of 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 4th, 5th, 6th & 14th Amendments of the U.S. Constitution and Alabama State Declaration of Rights, Article 1, Sections 7, 8, 9 and 15, Which Prohibits Unlawful Searches & Seizure of Innocent Law Abiding Citizens/Suspects and/or Their Properties Without Suspect's and/or Judicial Consent/Sanction.*

14. **Defendants' Conspiracy to Violate Plaintiff's U.S. Established/Guaranteed Rights and State Declaration of Rights Under the Color of State Law,** *In Violation of the Provisions of 42 U.S.C § 1985;* 18 U.S.C. §§ 241; *18 U.S.C. 371, Which Prohibits Two or More Individuals from Conspiring to Unlawfully Violate Plaintiff's Civil Rights.*

15. **Defendants' Unlawful Arrest Under the Color of State Law,** *In Violation of Provisions of 4th, 5th, 6th & 14th Amendments of the U.S. Constitution and Alabama State Declaration of Rights, Article 1, Sections 7, 8, 9 and 15; 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986, Which Prohibits Unlawful Arrest of Innocent Law Abiding Citizens/Suspects Without Judicial Consent (Lawfully Sworn Warrant, Probable Cause and/or Exigent Circumstances).*

**Case #:**

16. **Defendants' Unlawful Detention Under the Color of State Law,** *In Violation of Provisions of 4th, 5th, $6th$ & 14th Amendments of the U.S. Constitution and Alabama State Declaration of Rights, Article 1, Sections 7, 8, 9 and 15; 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986, Which Prohibits Unlawful Detention of Innocent Law Abiding Citizens/Suspects Without Judicial Consent.*

17. **Defendants' Malicious Prosecution Under the Color of State Law,** *In Violation of Provisions of 4th, 5th, $6th$ & 14th Amendments of the U.S. Constitution and Alabama State Declaration of Rights, Article 1, Sections 7, 8, 9 and 15; 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986, Which Prohibits Malicious Prosecution of Innocent Law Abiding Citizens/Suspects Without Judicial Consent.*

18. **Defendants' Unlawful, Unilateral, Arbitrary, Malicious, Capricious and Malevolent Interference and Breach of Contract Under the Color of State Law,** In Violation of the *Provisions of* **Statutes of Frauds; U.C.C. Article 2 and U.S.C. § 2000e,** *Which Prohibits the Defendants from Unlawfully Interfering, and Fraudulently Breaching Any and All Kinds of Contracts.*

19. **Defendants' Violation of Plaintiff's Privacy Rights Under the Color of State Law,** *In Violation of the Provisions of 18 U.S.C. § 2701, et seq; 39 U.S.C. § 3623; 42 U.S.C. § 2000e; 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 4th, 5th,6th & 14th Amendments of the U.S. Constitution and State Declaration of Right, and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15, Which Prohibits the Defendants from Unwarranted and Intentional Invasion/Intrusion into Plaintiff's Private Concerns, and Unlawful use of Plaintiff's Stolen Information to Retaliate and Discriminate in Housing on the Basis of Race, Sex, Religion, Ethnicity, National Origin and Variety of Characteristics of the Plaintiff.*

Case #:

20. **Defendants' Civil and Criminal Use of the Internet, Mail and Wire to Perpetrate Fraud & Usury Upon the Plaintiff,** *In Violation of Provisions of 18 U.S.C. 1341 and 18 U.S.C. 1343, 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986;  4<u>th</u>, 5<u>th</u>,6<u>th</u> & 14<u>th</u> Amendments of the U.S. Constitution and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15, Which Prohibits the Defendants from use of these Mediums for Perpetrating Fraud of All and Any Kind on American Citizens.*

21. **Defendants' Willfully Proffered Known False, Malicious and Perjured Criminal Charges on an Innocent Plaintiff Under the Color of State Law,** *In Violation of Provisions of 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 4<u>th</u>, 5<u>th</u>, 6th & 14<u>th</u> Amendments of the U.S. Constitution and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15.*

22. **Defendants' Unlawful, Willful and Malicious Failure/Refusal to Intercede and Stop the Violation of Plaintiff's Constitutional Rights Under the Color of State Law,** *In Violation of Provisions of the **Due Process and Equal Protection Clause of the 14<u>th</u> Amendment of the Constitution of the United States, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986;  4<u>th</u>, 5<u>th</u>,6<u>th</u> & 14<u>th</u> Amendments of the U.S. Constitution and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15.***

23. **Defendants' Negligent/Intentional Administrative Failure to Train/Discipline/Supervise Under the Color of State Law,** *In Violation of Provisions of 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986;  4<u>th</u>, 5<u>th</u>,6<u>th</u> & 14<u>th</u> Amendments of the U.S. Constitution and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15.*

24. **Defendants' Negligence Under the Color of State Law,** *In Violation of Provisions of 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 4th, 5<u>th</u>, 6th & 14<u>th</u> Amendments of the U.S. Constitution and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15.*

**Case #:**

25.  **Defendants' Infliction of Emotional and Mental Distress Under the Color of State Law,** *In Violation of Provisions of* **Title VII Civil Rights Act of 1964; 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986;** $\underline{4^{th}}$, $\underline{5^{th}}$, $\underline{6^{th}}$ & $\underline{14^{th}}$ *Amendments of the U.S. Constitution and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15; and* **42 USC 5851**, *Which Prohibits Defendants from Initializing Environments that create Direct and/or Proximate Infliction of Emotional and Mental Distress on Any and All Citizens of the USA and this State.*

Case #:

# ELEMENTS OF LAWSUIT.

## STATUTES OF LIMITATION.

26. The U.S. "Statutes of Limitation" for Breach of Contract Under U.C.C. is 4 Years, and Six (6) Years for Alabama.

27. The U.S. "Statutes of Limitation" for Intentional Tort is Four (4) Years, and Two (2) Years for Alabama.

28. The U.S. "Statutes of Limitation" for Fraud is Three (3) Years, and Two (2) Years for Alabama.

29. The U.S. "Statutes of Limitation" for Personal Injury is Three (3) Years, and Two (2) Years for Alabama.

30. The U.S. "Statutes of Limitation" for Negligence is Three (3) Years, and Two (2) Years for Alabama.

31. The U.S. "Statutes of Limitation" for Injury to Personal Property is Three (3) Years, and Six (6) Years for Alabama.

32. Injuries/Harm Sustained by the Plaintiff Began On or About August 30th, 2010 When Plaintiff Signed a Rental Contract with the Defendants Madison At Shoal Run, LLC, et al and Engle Realty Company, Inc., et al, in Which Defendants Deliberately Failed to Disclose that the Instant Apartment Complex Was Infested With Harmful Disease Carrying Roaches, Mice and Mold/Fungus.

33. This Instant Law Suit was Filed On or About May 4th, 2011. This Case is Timely Filed and Well Within the "Statutes of Limitation" Delineated Above. This Law Suit is Not Time Barred.

Case #:

# JURISDICTION, DIVERSITY, AND VENUE,

## JURISDICTION.

*34.* Jurisdiction, Declaratory and Injunctive Relief is Proper Under this Court, and Invoked Pursuant to:

- ❑ *28 USC §§ 1331, and 1337, (Federal Civil Case Jurisdiction);*
  *4th, 5th, 6th & 14th Amendments of the U.S. Constitution; Title VI of the Civil Rights Act of 1964; Title VII Civil Rights Act of 1964; Title VIII of the Civil Rights Act of 1968 (Fair Housing Act ); Executive Order 11063; Executive Order 12892; Executive Order 12892; Statutes of Frauds ; U.C.C. Article 2; 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 18 U.S.C. §§ 241; 18 U.S.C. 371; 18 U.S.C. § 2701, et seq; 39 U.S.C. § 3623; 42 U.S.C. § 2000e; 18 U.S.C. 1341 and 18 U.S.C. 1343; 42 U.S.C. § 12101 et seq.; 42 U.S.C. § 242m; Pub. Law No. 104-191 §§ 262, 264; 45 C.F.R. §§ 160-164; and 42 U.S.C 5851.*

- ❑ *Alabama Code, Section 12-11-30 (Alabama Civil Case Jurisdiction); Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15; Alabama State Common Law; Alabama Injury Law; Alabama Article I Thru V (Uniform Residential Landlord and Tenant Act); Alabama Title 24, Chapter 8 (Alabama State Housing Acts).*

**Case #:**

## DIVERSITY.

35. Plaintiff is a Natural Person, and a Black African American Citizen of the United States of America, Domiciled in this Great State of Alabama.

36. Defendants – Shelby County, et al is a State of Alabama Incorporated County/Local Government.

37. Defendants – Madison At Shoal Run, LLC, et al is a Housing Company/Corporation that Conducts Business and Owns Real Estate in the Great State of Alabama.

38. Defendants – Engel Realty Company, Inc., et al, are Owners/Operators/Managers of Madison At Shoal Run, LLC et al, and Conducts Business and Owns Real Estate in the Great State of Alabama.

39. This Honorable Court has Pendant and Supplemental Jurisdiction Over Any and All State Claims Alleged in this Complaint.

40. The Claims/Issues Raised in this Complaint Exceeds the Value of $10,000.00.

## VENUE.

41. Venue is Proper and Applicable, Because:

   ❑ A Substantial Part of the Defendants' Unlawful Tortuous Acts and Injuries/Harm Sustained by the Plaintiff, Occurred in This Great State of Alabama.

   ❑ Defendants Conducts Business and Own Real Estate and Properties at these Locations.

   ❑ Defendants are Subject to Personal Jurisdiction By this Honorable Court.

Case #:

# **PARTIES**

**PLAINTIFF**

42. **Plaintiff** is a Very Highly Intelligent/Intellectual, Hard Working, Law Abiding Black African American Male; Electrical/Nuclear Engineer; Inventor; Writer; and Nuclear Cyber Security Subject Matter Expert, Who Has Worked For Over Thirty (30) Years as a Nuclear Reactor Inspector; Nuclear Cyber Security Subject Matter Expert; and Electronic Communications and Radar Systems Reverse Engineering Expert For the Department of Homeland Security and Industrial Clients, as an Independent Contractor. Plaintiff is a Citizen of the United States, Domiciled in this Great State of Alabama.

**DEFENDANTS - SHELBY COUNTY, ET AL**

43. **Defendants** – Shelby County, Alabama.

44. **Defendants** – Alex Dudchock - Shelby County Manager.

45. **Defendants** – Coley Ellis – Shelby County Commissioner.

46. **Defendants** – Robbie Hayes - Shelby County Commissioner.

47. **Defendants** – Tommy Edwards - Shelby County Commissioner.

48. **Defendants** – Jon Parker - Shelby County Commissioner.

49. **Defendants** – Daniel M. Acker - Shelby County Commissioner.

50. **Defendants** – Joel Bearden - Shelby County Commissioner.

**Case #:**

51. **Defendants –** Larry Dillard - Shelby County Commissioner.

52. **Defendants –** Lindsey Allison - Shelby County Commissioner.

53. **Defendants –** Rick Shephard - Shelby County Commissioner.

54. **Defendants –** Shelby County Sheriff Department.

55. **Defendants –** Shelby County Sheriff.

56. **Defendants –** Chris Curry, Shelby County Sheriff.

57. **Defendants –** Josh Forrest, Shelby County Deputy Sheriff.


**DEFENDANTS – ENGEL REALTY COMPANY INC., ET AL**

**DEFENDANTS - MADISON AT SHOAL RUN, LLC, ET AL**

58. **Defendants –** Engel Realty Company, Inc., a Housing Corporation

59. **Defendants –** Madison At Shoal Run, LLC, a Housing Corporation.

60. **Defendants –** Owner/Operator/Manager/Chairman/CEO.

61. **Defendants –** CFO.

62. **Defendants –** President/Vice President.

63. **Defendants –** Board of Directors.

64. **Defendants –** William A. Butler, Owner/Partner/Resident Agent.

**Case #:**

65. **Defendants** – William E. Coleman III, Owner/Partner.

66. **Defendants** – Hubert W. Goings, Owner/Partner.

67. **Defendants** – Richard A. Diamond, Owner/Partner.

68. **Defendants** – Tiffany Savincki, Property Manager.

**Case #:**

# BACKGROUND.

69. On or About August 30st, 2010, Plaintiff  Filed a Rental Contract Agreement/Application for a Two (2) Bed Room Apartment for $725.00 Per Month, With an Agreed Move In Date of September 15th, 2010, With Defendants Madison At Shoal Run, LLC, et al. el and Engel Realty Company, Inc. et al.

70. On or About August 31st, 2010, Plaintiff Made Out Two (2) Separate Checks in the Amount of $150.00 Each for Administrative Fees and for Deposit, for a Total of $300.00.

71. On or About September 2nd, 2010, Plaintiff Made Out another Check in the Amount $1225.00 to the Instant Defendants to Cover the Period of Pro-Rating from September 15th, 2010 to September 30th, 2010, and for October 1st to October 31st.

72. On or About September 13th, 2010, Plaintiff Picked-Up a Copy of the Contract and Keys to the Apartment and Mail Box.

73. Unbeknown to the Plaintiff, the Copy of the Contract that was given to the Plaintiff was Not the Same one the Plaintiff Executed.

74. Defendants Had Forged Plaintiff's Signature on the Copy that was Issued to the Plaintiff.

75. Defendants Failed to Disclose the Following on the Contract that was Issued to the Plaintiff as Required By Alabama Law:

  ❑ Defendants Failed to Disclose to the Plaintiff Before and During the Signing of the Rental Contract that the Instant Apartment was Infested with Disease Carrying Roaches, Mice and Bugs that are Hazardous/Create Unsafe Conditions that Could Threaten Plaintiff's Health and Life.

**Case #:**

❑ Defendants Failed to Disclose to the Plaintiff Before and During the Signing of the
Rental Contract that the Bath Room Fan was Not Operational. Wherefore Moisture
from Taking Baths and Showers Created Molds & Fungus and/or Potential
Hazards/Unsafe Conditions to Plaintiff's Health and Life

❑ Defendants Failed to Disclose to the Plaintiff that the Explosive Sound Made By the
Gas Furnace When It Came On in Plaintiff's Apartment was Due to the Fact that
Defendants Had No Regular Schedule to Clean the Furnace's Gas Nozzles, and that
the Instant Gas Nozzles Had Not Been Cleaned as Required By the Manufacturer
and/or Law.

❑ Thus the Furnace Created a Dangerous and Life Threatening Conditions to Plaintiff
and Other Tenants in Building 800 of the Instant Apartment Complex. A High
Potential For Fire, Death and Destruction.

❑ Defendants Failed to Disclose that Alabama Law Mandates the Landlord to Provide
Receptacles for Trash and that the Tenant Take Their Trash to the Landlord's Trash
Bin.

❑ Defendants Failed to Disclose that the Instant Alabama Law Does Not Make
Provisions that the Landlord Charge $25.00 Plus another Extra Charge of $3.99 Per
Month for the Tenant to Take His/Her Trash to the Trash Receptacle.

❑ Defendants Failed to Disclose that Water and Sewage Would Be Jacked Up By Up to
71% in Less than One (1) Month Time Period, and Without Prior Notice.

76. Upon Discovery of these Fraudulent, Thieving and Usury Contract and the Discrepancies
Delineated Above, Plaintiff Contacted the Defendants to Redress these Issues On or About
September 17th, 2010, and Specifically on December 19th, 2010 to Present.

**Case #:**

77. As a Direct/Proximate Result of Defendants' Willful and Malicious Failure to Disclose that the Apartments are Infested With Disease Carrying Roaches and Mice as Mandated By Law, Defendant's Food and Water was Contaminated by Roaches and Mice, Resulting in Defendant Becoming Violently Ill and Almost Died from Exposure to *Alcaligenes faecalis, Enterococcus, Bacillus cereus, Enterobacter, Klebsiella, Staphylococcus aureus,* and *toxoplasmosis,* anti alias, and **Was *Taken to Emergency/Urgent Care Department of Brookwood Medical Center for a Four (4) Hours Stay that Cost $13,853.53, Besides other Miscellaneous Doctors Bills.***

78. On or About February 3rd, 2011, Plaintiff Notified the Defendants that Defendant were in Default for Failing to Abide in "Good Faith" to the Contract and/or Fraudulent Contract.

79. Between February 3rd, and 24th, 2011, Defendants Shelby County, et al Sheriff Deputies Began Racial Profiling and Harassing the Plaintiff for Music Defendants Claimed was Too Loud.

80. Defendants' Sheriff Deputies Showed-up More than Three (3) Times to Racial Profile and Harass the Plaintiff and Never Issued Any Evidence Nor Citations/Tickets to Support Defendants Claim and Basis for Racial Profiling and Harassing the Plaintiff.

81. On or About the Evening of February 23rd, 2011, One (1) of the Defendants' Sheriff Deputy with His Hand Hovering Over His Weapon's Holster Showed-up and Said "I Heard Your Music in the Hallway".

82. Plaintiff's Stereo Volume Has a Range of 0-50. At the Time the Instant Deputy Sheriff Came, Plaintiff's Stereo Volume Level was Set at 09.

83. As Plaintiff was Moving to Turn-Off the Stereo, the Instant Deputy Unbuttoned His Weapons Holster.

84. Plaintiff Then Motioned to the Deputy Sheriff with Both Hands and told the Deputy Sheriff that Plaintiff Had No Weapons/Unarmed and Was Only Trying to Turn-Off the Stereo.

**Case #:**

85. To Say the Least, Plaintiff was Terrified By the Demeanor, Jittery/Nervous Trigger Happy Behavior of this Instant Deputy Sheriff, and was Unable to Sleep All Night, Wondering If the Instant Deputy Sheriff Would Be Back to Finish Off the Plaintiff.

86. Plaintiff was Not Going to Take the Chance of Being Shot By Mistake or Intentionally for Holding a Cell Phone or Some Non-Weapon, and Have the Deputy Sheriff Use that as an Excuse for Killing Plaintiff, and then Planting a Weapon/Gun on the Plaintiff, as Has Become Customary with Law Enforcement. Too Much Innocent Blood Spilled Already.

87. Plaintiff Humbly Submits that there are Just Too Many Cases Where the Police Shoot Unarmed and Non-Threatening Suspects (Suspects Who Pose No Threat) in the Head, Back, Blowing Brains of Suspects on Sidewalks While Suspects are Secured/Hand-Cuffed, Tased, Battered, Brutalized with Resultant Broken Bones and Brain Damages, Across U.S. Towns and Cities, with Impunity in Cowardly Murderous Police Actions, that are Totally Devoid of Human Reasoning, and/or Suspect's or/Judicial Consent/Sanctions.

88. Wherefore, Plaintiff On or About February 24th, 2011, Called Shelby County Sheriff – Chris Curry  Three (3) to See If This Constant Racial Profiling and Harassment of the Plaintiff by the Defendants' Deputy Sheriff can be Resolved Before Plaintiff Gets Shot By Mistake or Intentionally.

89. The Sheriff was Unavailable.

90. On the Forth (4) Try, Someone Answered.

91. The Person Who Answered, Whom the Plaintiff Assumed is a Deputy Sheriff told the Plaintiff Not To Call the Sheriff Anymore or Else He Will come and Arrest the Plaintiff.  Plaintiff Said Ok, and that Plaintiff will not Call Anymore, and that Plaintiff was Not Aware that a Citizen Who is Afraid for His/Her Life and Wants Protection Can Be Arrested for Calling the Sheriff.

**Case #:**

92. On this Same Day, February 24th, 2011, About Three (3) Hours After the Above Phone Conversation with the Deputy Sheriff, Who Turned Out to Be Josh Forrest, Without Any Warning, this Instant Deputy Sheriff Changed His Mind and Show-up with Two (2) Other Deputy Sheriffs, Who Also Failed to Identify Themselves, and Unlawful Arrested, Detained, Maliciously Prosecuted and Unlawfully Searched, Seized, Stole, Converted/Misappropriated Plaintiff Personal and Business Properties.

93. When Plaintiff Got Home from Detention on February 28th, 2011 at About 6:30 PM CST, Plaintiff Discovered that Between February 24th To February 28th, 2011, While Plaintiff was Unlawfully Arrested and Detained, Defendants Shelby County, et el, Madison At Shoals Run, LLC, et al and Engel Realty Company, Inc., et al, Who Had the Improper Ulterior Motives, Having Created the Opportunity, Had Access to Plaintiff's Apartment, Took Advantage of the Opportunity, Conspired Together, Gained Access to Plaintiff's Apartment, and Burglarized, Stole and Converted/Misappropriated Plaintiff's Properties, All Without the Plaintiff's and/or Judicial Consent, as Follows:

   □ Plaintiff's Intellectual Properties and Reconstituted Inventions Worth Billions of Dollars Contained in Plaintiff's Western Digital 1TB Drive, Translucent 32GB, and 16GB Media, and 2 - 8GB USB Media.

   □ Plaintiff's Day Planner Containing Plaintiff's Check Book, Voter's Registration Card and Other Important Documents.

   □ Plaintiff's Emergency Stowed Away Cash in the Amount of $6,650.00.

   □ Plaintiff's Copy of Rental Agreement that Contained Forgeries By Defendant Madison At Shoal Run, et al and Engel Realty Company, Inc., et al.

**Case #:**

94. On or About February 28th, 2011, at About 6:45 PM CST, Plaintiff Filed an Unlawful Searches & Seizures, Burglary, Theft, and Conversion/Misappropriation Complaint With Defendants Shelby County, et al, and Against Shelby County, et al; Madison At Shoal Run, et al; and Engel Realty Company, Inc. et al, For Unlawful Searches, Seizures, Theft, Conversion/Misappropriation of Plaintiffs Properties.

95. On or About February 28th, 2011, Madison At Shoal Run, LLC, et al; and Engel Realty Company, Inc. et al, in an Unlawful Retaliatory Action Terminated the Rental Contract, Citing False and Unproven Accusations Propounded By Defendants Shelby County, et al, in Furtherance of Defendants' Conspiracy to Violate Plaintiff's U.S. Constitutionally Established/Guaranteed Rights and State Declaration of Rights, and Housing Rights.

96. On or About March 1st, 2011, Plaintiff Filed a Burglary, Theft, and Conversion/Misappropriation of Plaintiff's Personal and Business Properties Complaint Against Shelby County, et al; Madison At Shoal Run, et al; and Engel Realty Company, Inc. et al, with the FBI Duty Officer at the Birmingham, Alabama Station, Because the Stolen Western Digital Drive and Other Medias Contained Sensitive National Security Information About Nuclear Cyber Security and National Electrical Infrastructure Protection Proposals Submitted By the Plaintiff to the White House, U.S. Department of Energy and Members of U.S. Congress. Plaintiff was Afraid the Instant Western Digital Drive and Other Medias Might Fall into the Wrong Hands, Specifically Terrorist Organization.

97. Defendants' Willful and Deliberate Indifference to the "Rule of Law"; Extreme, Outrageous, Malicious, Malevolent, Capricious Conspiracy; Negligent, Repugnant and Calculated Unlawful Actions; and Demonstrated Reckless Disregard for the Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property as Established and Guaranteed By the 4th, 5th, 6th and 14th Amendments of the U.S. Constitution and Alabama State Declaration of Rights, and Subsequent Direct/Proximate Harm/Injuries Sustained By the Plaintiff is Now the Gravamen/Crux of this Litigation.

Case #:

# STATEMENT OF MATERIAL FACTS, SUPPORTING EVIDENCE, RELEVANT INTERVENING AND CONTROLLING LAWS/STATUTES & CLAIMS.

### UNLAWFUL SEARCHES, SEIZURES, THEFT, BURGLARIZATION AND CONVERSION/MISAPPROPRIATION OF PLAINTIFF'S PROPERTIES UNDER THE COLOR OF STATE LAW

98.     On or About February 24th, 2011, Defendants Shelby County, et al Proffered a Defective, Known False, Perjured and Malicious "Pretend Criminal" Complaint of "Harassing Communication "Against the Plaintiff, and Unlawfully Utilized the Instant Complaint to Obtain an Unlawful Warrant, to Unlawfully Arrest, Detain, Maliciously Prosecute and Unlawfully Search, Seize, Steal, and Convert/Misappropriate Plaintiff's Personal and Business Properties, While Plaintiff was Seeking Protection for Fear of His Life from One Shelby's County Very Own Deputy Sheriff, and for Calling Sheriff, Chris Curry, to Resolve this Potential Dangerous Situation.

99.     ***Please See Plaintiff Exhibit 1 (Evidentiary Support of Defendants Shelby County, et al's Unlawful, Defective, Known False, Perjured and Malicious "Pretend Criminal" Complaint, that was Utilized in Turn to Secure an Unlawful, Defective, Known False, Perjured and Malicious "Pretend Criminal Charge" Warrant.) Attached Herewith as Evidentiary Support for this Instant Material Fact.***

100.    As an Example:

        ❑   Defendants Shelby County's Unlawful, Defective, Known False, Perjured and Malicious "Pretend Criminal" Complaint Fails to State the Language/Word Used in the Alleged Communication that Constituted Harassment or Caused Alarm , and Type of Alarm.

**Case #:**

    ❑  Defendants Shelby County's Unlawful, Defective, Known False, Perjured and
Malicious "Pretend Criminal" Complaint Fails to State the Language Used in the
Communication that Constituted Lewd or Obscene Language.

    ❑  Defendants Shelby County's Unlawful, Defective, Known False, Perjured and
Malicious "Pretend Criminal" Complaint Failed to Provide Evidence of the Alleged
"Harassing Communication" and Harm/Injury.

    ❑  Defendants Shelby County's Unlawful, Defective, Known False, Perjured and
Malicious "Pretend Criminal" Complaint Fails to Link the Plaintiff to the "Pretend
Criminal Charge" and Any Harm/Injury Done to the Complainant - Sergeant Josh
Forrest.

    ❑  Wherefore, Defendants "Pretend Criminal" Complaint is Devoid of Probable Cause,
and the "Pretend Criminal Charge" Warrant is Unlawful, Defective, False, Perjured
and Malicious.

101. On or About February 24th, 2011, Defendants Shelby County, et al Proffered an Unlawful,
Defective, Known False, Perjured and Malicious "Pretend Criminal Charge" Warrant to the
Alabama District Court in Efforts to Mislead the Court and Maliciously Prosecute and
Incarcerate the Plaintiff.

102. ***Please See Plaintiff Exhibit 2 (Evidentiary Support of Defendants Shelby County, et al's
Unlawful, Defective, Known False, Perjured and Malicious "Pretend Criminal Charge"
Warrant) Attached Herewith as Evidentiary Support for this Instant Material Fact.***

103. On or About February 24th, 2011, Defendants Shelby County, et al Utilized the Instant
Unlawful Warrant to for Purposes Not Authorized by Law.

**Case #:**

104. As an Example:

❑ Nowhere in the Unlawful, False, Perjured, and Malicious "Warrant" are the
Defendants Authorized to Conduct Searches & Seizures, Theft,
Conversion/Misappropriation of Plaintiff's Properties.

❑ Nowhere in the Unlawful, False, Perjured, and Malicious "Warrant" were Items to Be
Seized Specified/Delineated.

❑ On or About February 24th, 2011, Defendants Shelby County, et al , With Deliberate
Indifference to the "Rule of Law", and Armed With an Unlawful Warrant,
Unlawfully, Maliciously, Malevolently, Negligently and With Reckless Disregard for
the Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property as
Established and Guaranteed By the 4th, 5th, 6th and 14th Amendments of the U.S.
Constitution and State Declaration of Rights, Unlawfully Searched, Seized,
Burglarized, Stole, and Converted/Misappropriated *Plaintiff's Intellectual Properties,
Inventions, Drawings, Technical Manuals, Tax Records, Personal and Plaintiff's
Family Identification Records and Photos; Voter's Registration Card; Plaintiff's
1TB Western Digital Hard Drive and Recording/Storage Media (Translucent
32GB, and 16GB Flash Media, and 2 - 8GB USB Media) and Other Private In
formations from Plaintiff's Home-Office*, While Plaintiff was Unlawfully Detained.

105. *Please See Plaintiff Exhibit 3 (Evidentiary Support of Plaintiff's Complaint to Defendants
Shelby County, et al About Unlawful Searches & Seizure, Burglary, Theft,
Conversion/Misappropriation of Plaintiff's Properties, and Defendants' Response to
Plaintiff's Complaint) Attached Herewith as Evidentiary Support for this Instant Material
Fact.*

**Case #:**

106. Defendants' Action Constitutes Unlawful Searches and Seizures, and is in *Violation of the 4th Amendment of the U.S. Constitution, and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15.* Because:

- ❏ There is No Evidence of the Plaintiff's Consent Nor Alabama District/Circuit Court For Shelby County's Judicial Consent/Sanction For the Unlawful Searches and Seizures, Theft, Conversion/Misappropriation of the Plaintiff's Properties Delineated Above.

- ❏ All of this Unlawful Police Action Occurred While Plaintiff was Unlawfully Detained Pursuant/Based Upon the Unlawful, False and Perjured Warrant Proffered By the Defendants – Shelby County, et al to the Court.

- ❏ Furthermore, the Instant Warrant is Devoid of Specifics as to What Items to Seize, Probable and/or Exigent Circumstances for Such Unlawful, Gross Tyrannical Abuse of Granted Police and Prosecutorial Powers.

- ❏ The Known, Willful, False, Perjured, Malicious, Fabricated/Manufactured and "Pretend Criminal Offense" Charge of "Harassing Communication" Proffered By the Defendants is Totally Devoid of Intent and Judicial Consent/Sanction.

- ❏ Plaintiff Emphatically and Adamantly Denies Making Any "Harassing Communications" to the Complainant - Sergeant Josh Forrest.

- ❏ Any and All Communications to the Shelby County Sheriff – Chris Curry were Legitimate Business Communication, Conveying Plaintiff's Fear for His Life from One of Sheriff Chris Curry's Own Trigger Happy and Nervous Deputies.

- ❏ Defendants' Unlawful Police Actions are Malicious and Intended to Harm/Injure the Plaintiff, and Not Intended to Bring the Plaintiff to Justice.

**Case #:**

107. Defendants' Willful and Deliberate Indifference to the "Rule of Law"; Extreme, Outrageous, Malicious, Malevolent, Capricious Conspiracy; Negligent, Repugnant and Calculated Unlawful Actions; and Demonstrated Reckless Disregard for the Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property, Deprived the Plaintiff of His U.S. Constitutionally Established and Guaranteed 4th, 5th, 6th, and 14th Amendment Rights, Substantive Due Process, and Equal Protection Rights, and State Declaration of Rights.

108. Defendants had No Non-Discriminatory, Lawful or Legitimate Reasons or Justifications to Engage in Willful and Deliberate Indifference to the "Rule of Law"; Engage in Extreme, Outrageous, Malicious, Malevolent, Capricious Conspiracies; Engage in Negligent, Repugnant and Calculated Unlawful Actions; and Engage in Demonstrated Reckless Disregard for the Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property as Factually and Evidentiary Alleged and Supported Above.

109. Plaintiff Humbly Submits and Argues that the Defendants Knew, Had Access to, or Should Have Known that Defendants are Prohibited by the Above Cited/Quoted Relevant Intervening and Controlling Authorities/Laws, from Violating Plaintiff's Rights.

110. As a Direct/Proximate Result of Defendants' Extreme, Outrageous, Unlawful, Malicious and Malevolent Actions, Plaintiff Sustained/Suffered Injuries/Harm as Delineated in this Complaint.

111. **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 4th, 5th,6th & 14th Amendments of the U.S. Constitution and Alabama State Declaration of Right, Article 1, Sections 7, 8, 9 and 15; Alabama Article I Thru V (Uniform Residential Landlord and Tenant Act); Alabama Title 24, Chapter 8 (Alabama State Housing Acts).*

.

.

**Case #:**

112. Defendants are Estopped from Denying Liability Because Defendants Did Indeed Violate Plaintiff's U.S. Constitutionally Established/Guaranteed Rights and State Declaration of Rights. W*herefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to the Plaintiff.*

**DEFENDANTS' CONSPIRACY TO VIOLATE PLAINTIFF'S U.S. ESTABLISHED/GUARANTEED RIGHTS, AND STATE DECLARATION OF RIGHTS, UNDER THE COLOR OF STATE LAW**

113. Between February 24th to 28th, 2011, Defendants Without Plaintiff's and Judicial Consent/Sanction, and Coupled with Unlawful Complaint and Unlawful Warrant, and With Deliberate Indifference to the "Rule of Law" Unlawfully, Maliciously, Malevolently, Negligently and With Reckless Disregard for the Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property as Established and Guaranteed By the 4th, 5th, 6th and 14th Amendments of the U.S. Constitution and State Declaration of Rights, *Unlawfully Conspired to Fabricate/Manufacture a "Pretend Loud Music Complaint" and a "Pretend Criminal Charge" of "Harassing Communications", and to Unlawfully Terminate/Evict the Plaintiff, After Plaintiff Filed a Notice of Default on Defendants Madison At Shoal Run, LLL, et al, and Engel Realty Company, Inc., et al On or About February 3rd, 2011. The Conspiracy Included Planned Efforts to Unlawfully Arrest, Detain the Plaintiff, While Defendants Madison At Shoal Run, LLC, and Engel Realty Company, Inc. Granted the Shelby County Sheriff Office Access to Plaintiff's Apartment, and Both Defendants Utilized Defendants' Access Keys to Gain Access To Plaintiff's Apartment Without Plaintiff's Consent, and/or a Lawful Warrant, and Subsequently Burglarize, Stole and Converted/Misappropriated Plaintiff's Properties, and Fishing for Incriminating Data and Items to Incarcerate the Plaintiff, All Without Plaintiff's and Judicial Consent/Sanction.*

**Case #:**

114. Once Defendants Shelby County, et al; Madison At Shoal Run, LLC et al; and Engel Realty Company, Inc., et al *Had Plaintiff Locked Away/Unlawfully Detained and Maliciously Prosecuted During the Period of February 24th to March 28th*, Defendants Once Again in an Overt Act, Conspired to Unlawfully Search & Seize, Burglarize, Steal and Convert/Misappropriate *Plaintiff's Intellectual Properties, Inventions, Drawings, Technical Manuals, Tax Records, Personal and Plaintiff's Family Identification Records and Photos; Voter's Registration Card; Plaintiff's 1TB Western Digital Hard Drive and Recording/Storage Media (Translucent 32GB, and 16GB Flash Media, and 2 - 8GB USB Media) and Other Private Informations from Plaintiff's Home-Office*, in a Malicious, Malevolent Police Action that was Totally Devoid of Plaintiff's and Judicial Consent/Sanctions.

115. *Please See Plaintiff Exhibit 4 (Evidentiary Support of Defendants Madison At Shoal Run, LLC et al; and Engel Realty Company, Inc., et al's Conspiracy With Defendants Shelby County, et al to Justify Unlawful Termination/Eviction Notice, and Unlawfully Arresting, Detaining and Maliciously Prosecuting the Plaintiff) Attached Herewith as Evidentiary Support for this Instant Material Fact.*

116. On or About February 28th, 2011, Defendants' Madison At Shoal Run, LLC, et al, and Engel Realty Company, Inc., al's in Furtherance/Continuation of the Conspiracy Overtly Posted an Unlawful Termination/Eviction Notice on Plaintiff's Door, Falsely Accusing Plaintiff of "Harassing Communication" as Agreed to in the Defendants' Conspiracy.

117. *Please See Plaintiff Exhibit 5 (Evidentiary Support of Defendants Shelby County, et al's Overt Unlawful Actions in Furtherance/Continuation of the Instant Conspiracy, By Unlawfully Arresting, Detaining and Maliciously Prosecuting the Plaintiff) Attached Herewith as Evidentiary Support for this Instant Material Fact.*

**Case #:**

118. On or About March 10th, 2011,  Defendants Madison At Shoal Run, LLC and Engel Realty
     Company, Inc. Filed a Known, False, Perjured and Malicious Complaint with the Alabama
     Circuit Court For Shelby County in Furtherance/Continuation of the Conspiracy to Violate
     Plaintiff's U.S. Constitutionally Established/Guaranteed Housing and Other Rights, and
     Alabama Declaration of Rights, Falsely Accusing the Plaintiff of an Agreed Upon False
     Charge By the Defendants (Shelby County, et al; Madison At Shoal Run, LLC, et al; and
     Engle Realty Company, Inc., et al) of "Loud Music Complaint" and "Harassing
     Communications".

119. *Please See Plaintiff Exhibit 6 (Evidentiary Support of Defendants Madison At Shoal Run,*
     *LLC et al; and Engel Realty Company, Inc., et al's Willful, Known False, Misleading,*
     *Perjured, Malicious Complaint to the Alabama District Court For Shelby County, in an*
     *Overt Action in Furtherance/Continuation of the Instant Conspiracy) Attached Herewith as*
     *Evidentiary Support for this Instant Material Fact.*

120. On or About April 18th, 2011, Alabama District Court for Shelby County ***Dismissed With***
     ***Prejudice/Moot*** Defendants' Madison At Shoal Run, LLC, et al, and Engel Realty Company,
     Inc., al's Known False, Perjured, Malicious, Malevolent and Capricious, Conspiracy,
     Unlawful Lease Termination/Eviction Complaint, ***After the Instant Court Dismissed a***
     ***Member of the Conspiracy (Mr. Josh Forrest – Shelby County, et al) From Testifying in the***
     ***Instant Case.***

121. This Allegation, Supporting Material Facts, Supporting Evidence and Intervening and
     Controlling Federal and State Statutes and Laws, and Defendants Unlawful Actions are
     Material to this Litigation.

122. All Defendants Were Willing Participants in the Instant Conspiracy.

123. Defendants Intended to Cause Harm/Injury to the Plaintiff Who was Unaware of Defendants'
     Schemes.

**Case #:**

124. At Least One (1) of Defendants Committed the Overt Act of Unlawfully Arresting; Detaining; Unlawfully Searching & Seizing, Burglarizing, Stealing and Converting/Misappropriating *Plaintiff's Intellectual Properties, Inventions, Drawings, Technical Manuals, Tax Records, Personal and Plaintiff's Family Identification Records and Photos; Voter's Registration Card; Plaintiff's 1TB Western Digital Hard Drive and Recording/Storage Media (Translucent 32GB, and 16GB Flash Media, and 2 - 8GB USB Media) and Other Private Informations from Plaintiff's Home-Office,* and Maliciously Prosecuting Plaintiff During the Conspiracy.

125. At Least One (1) of Defendants Committed the Overt Act of Stealing Plaintiff's Apartment Contract that Contained Forgeries By Defendants Madison At Shoal Run, et al and Engel Realty Company, Inc., et al During the Conspiracy.

126. At Least One (1) of Defendants Committed the Overt Act of Unlawfully Burglarizing, Stealing and Converting/Misappropriating *Plaintiff's Business Digital Recording/Storage Assets Containing  Sensitive National Security Information About Nuclear Cyber Security and National Electrical Infrastructure Protection Proposals Submitted By the Plaintiff  to the White House, U.S. Department of Energy and Members of U.S. Congress.*

127. Defendants Implemented the Conspiracy after Ensuring that Plaintiff Had Been Arrested and Detained (Put Out of the Way So that the Conspiracy can be Implemented Without Witnesses and Interruption).

128. Defendants' Extreme, Outrageous, Unlawful, Malicious, Capricious, Repugnant and Malevolent Actions Deprived Plaintiff of His U.S. Constitutionally Established and Guaranteed 4th, 5th, 6th, and 14th Amendment Rights, Substantive Due Process Rights, and State Declaration of Rights.

**Case #:**

129.  Defendants had No Non-Discriminatory, Lawful or Legitimate Reasons or Justifications to Engage in Willful and Deliberate Indifference to the "Rule of Law"; Engage in Extreme, Outrageous, Malicious, Malevolent, Capricious Conspiracies; Engage in Negligent, Repugnant and Calculated Unlawful Actions; and Engage in Demonstrated Reckless Disregard for the Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property as Factually and Evidentiary Alleged and Supported Above.

130.  Plaintiff Humbly Submits and Argues that the Defendants Knew, Had Access to, or Should Have Known that Defendants are Prohibited by the Above Cited/Quoted Relevant Intervening and Controlling Authorities/Laws, from Violating Plaintiff's Rights.

131.  As a Direct/Proximate Result of Defendants' Extreme, Outrageous, Unlawful, Malicious and Malevolent Actions, Plaintiff Sustained/Suffered Injuries/Harm as Delineated in this Complaint.

*132.*  **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of 18 U.S.C. §§ 241; 18 U.S.C. 371; and 42 U.S.C § 1985, Which Prohibits Two or More Individuals from Conspiring to Unlawfully Violate Plaintiff's Civil Rights.*

133.  Defendants are Estopped from Denying Liability Because Defendants Did Indeed Violate Plaintiff's U.S. Constitutionally Established/Guaranteed Rights and State Declaration of Rights. *Wherefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to the Plaintiff.*

**Case #:**

**FALSE/UNLAWFUL ARREST UNDER THE COLOR OF STATE LAW**

134. On or About February 24th, 2011, Defendants Without Plaintiff's and Judicial Consent/Sanction and With Deliberate Indifference to the "Rule of Law" Unlawfully, Maliciously, Malevolently, Negligently and With Reckless for the Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property as Established and Guaranteed By the 4th, 5th, 6th and 14th Amendments of the U.S. Constitution and State Declaration of Rights, *Unlawfully Arrested the Plaintiff at His Home-Office.*

135. *Please See Plaintiff Exhibit 2 (Evidentiary Support of Defendants Shelby County, et al's Unlawful, Defective, Known False, Perjured and Malicious "Pretend Criminal Charge" Warrant) Attached Herewith as Evidentiary Support for this Instant Material Fact.*

136. *Please See Plaintiff Exhibit 5 (Evidentiary Support of Defendants Shelby County, et al's Overt Unlawful Actions in Furtherance/Continuation of the Instant Conspiracy, By Unlawfully Arresting, Detaining and Maliciously Prosecuting the Plaintiff) Attached Herewith as Evidentiary Support for this Instant Material Fact.*

137. Defendants' Action Constitutes False Arrest and is in *Violation of the 4th Amendment of the U.S. Constitution and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15,* Because:

    ❑ No Civilian/Private Citizen Filed a Complaint and Affirmed/Swore By Oath that the Plaintiff Caused Any Harm/Injury to Him/Her. Wherefore, There is/was No Harm/Injury.

    ❑ There is No Evidence Linking Plaintiff to Any Harm/Injury.

**Case #:**

❏ Where and When a Sworn Complaint of Harm/Injury By a Civilian/Private Citizen is Non-Existent; and Evidence of Harm/Injury is Non-Existent; and Link of Harm/Injury to Plaintiff is Non-Existent, Then There is No Probable Cause and/or Exigent Circumstance(s).

❏ *Pursuant to the 4th Amendment of the U.S. Constitution and Alabama Declaration of Rights, Article 1, Sections 7*, Where and When Probable Cause and/or Exigent Circumstance(s) is Non-Existent, a Lawful Warrant Cannot Issue.

❏ The Known, Willful, False, Perjured, Malicious, Fabricated/Manufactured and "Pretend Criminal Offense" Charge of "Harassing Communication" Proffered By the Defendants is Totally Devoid of Intent and Judicial Consent/Sanction.

❏ Defendants' Unlawful Police Actions are Malicious and Intended to Harm/Injure the Plaintiff, and Not Intended to Bring the Plaintiff to Justice.

138. Defendants' Extreme, Outrageous, Unlawful, Malicious, Capricious, Repugnant and Malevolent Actions Deprived Plaintiff of His U.S. Constitutionally Established and Guaranteed 4th, 5th, 6th, and 14th Amendment Rights, Substantive Due Process Rights, and State Declaration of Rights.

139. Defendants had No Non-Discriminatory, Lawful or Legitimate Reasons or Justifications to Engage in Willful and Deliberate Indifference to the "Rule of Law"; Engage in Extreme, Outrageous, Malicious, Malevolent, Capricious Conspiracies; Engage in Negligent, Repugnant and Calculated Unlawful Actions; and Engage in Demonstrated Reckless Disregard for the Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property as Factually and Evidentiary Alleged and Supported Above.

140. Plaintiff Humbly Submits and Argues that the Defendants Knew, Had Access to, or Should Have Known that Defendants are Prohibited by the Above Cited/Quoted Relevant Intervening and Controlling Authorities/Laws, from Violating Plaintiff's Rights.

**Case #:**

141. As a Direct/Proximate Result of Defendants' Extreme, Outrageous, Unlawful, Malicious and Malevolent Actions, Plaintiff Sustained/Suffered Injuries/Harm as Delineated in this Complaint.

142. **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 4th, 5th,6th & 14th Amendments of the U.S. Constitution and Alabama State Declaration of Right, Article 1, Sections 7, 8, 9 and 15.*

143. Defendants are Estopped from Denying Liability Because Defendants Did Indeed Violate Plaintiff's U.S. Constitutionally Established/Guaranteed Rights and State Declaration of Rights. *Wherefore, Defendants are vicariously ("qui facit per alium facit per se") Liable to the Plaintiff.*

### UNLAWFUL DETENTION UNDER THE COLOR OF STATE LAW

144. On or About February 24th, 2011, Defendants Without Judicial Consent/Sanction and with Deliberate Indifference to the "Rule of Law" Unlawfully, Maliciously, Malevolently, Negligently and With Reckless for the Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property as Established and Guaranteed By the 4th, 5th, 6th and 14th Amendments of the U.S. Constitution and State Declaration of Rights, *Unlawfully Detained the Plaintiff at the Shelby County Detention Center Solitary Confinement with No Sun Light Between February 24th and February 28th, 2011.*

145. *Please See Plaintiff Exhibit 2 (Evidentiary Support of Defendants Shelby County, et al's Unlawful, Defective, Known False, Perjured and Malicious "Pretend Criminal Charge" Warrant) Attached Herewith as Evidentiary Support for this Instant Material Fact.*

**Case #:**

146. ***Please See Plaintiff Exhibit 5 (Evidentiary Support of Defendants Shelby County, et al's Overt Unlawful Actions in Furtherance/Continuation of the Instant Conspiracy, By Unlawfully Arresting, Detaining and Maliciously Prosecuting the Plaintiff) Attached Herewith as Evidentiary Support for this Instant Material Fact.***

147. Defendants' Unsanctioned Malicious Police Action Constitutes False Detention and is in ***Violation of the 4th Amendment of the U.S. Constitution and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15,*** Because:

   ❑ The Known, Willful, False, Perjured, Malicious, Fabricated/Manufactured and "Pretend Criminal Offense" Charge of "Harassing Communication" Proffered By the Defendants is Totally Devoid of Malicious Intent and/or Judicial Sanction.

   ❑ The Plaintiff's Phone Calls to the Sheriff to Facilitate Reconciliation of this Potentially Deadly Situation Was for Legitimate and Authorized Business Purposes Alone, Because Plaintiff Was Afraid of the Defendant's Own Deputy's Trigger Happy Nervous (Western CowBoy) Behavior.

   ❑ Defendants' Unlawful Police Actions are Malicious and Intended to Harm/Injure the Plaintiff, and Not Intended to Bring the Plaintiff to Justice.

148. Defendants' Extreme, Outrageous, Unlawful, Malicious, Capricious, Repugnant and Malevolent Actions Deprived Plaintiff of His U.S. Constitutionally Established and Guaranteed 4th, 5th, 6th, and 14th Amendment Rights, Substantive Due Process Rights, and State Declaration of Rights.

**Case #:**

149.  Defendants had No Non-Discriminatory, Lawful or Legitimate Reasons or Justifications to Engage in Willful and Deliberate Indifference to the "Rule of Law"; Engage in Extreme, Outrageous, Malicious, Malevolent, Capricious Conspiracies; Engage in Negligent, Repugnant and Calculated Unlawful Actions; and Engage in Demonstrated Reckless Disregard for the Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property as Factually and Evidentiary Alleged and Supported Above.

150.  Plaintiff Humbly Submits and Argues that the Defendants Knew, Had Access to, or Should Have Known that Defendants are Prohibited by the Above Cited/Quoted Relevant Intervening and Controlling Authorities/Laws, from Violating Plaintiff's Rights.

151.  As a Direct/Proximate Result of Defendants' Extreme, Outrageous, Unlawful, Malicious and Malevolent Actions, Plaintiff Sustained/Suffered Injuries/Harm as Delineated in this Complaint.

152.  **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 4th, 5th, 6th & 14th Amendments of the U.S. Constitution and Alabama State Declaration of Right, Article 1, Sections 7, 8, 9 and 15.*

153.  Defendants are Estopped from Denying Liability Because Defendants Did Indeed Violate Plaintiff's U.S. Constitutionally Established/Guaranteed Rights and State Declaration of Rights. *Wherefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to the Plaintiff.*

**Case #:**

**DEFENDANTS' MALICIOUS PROSECUTION OF THE PLAINTIFF
UNDER THE COLOR OF STATE LAW**

154. On or About February 25th, 2011, Defendants Without Judicial Consent/Sanction and with
Deliberate Indifference to the "Rule of Law" Unlawfully, Maliciously, Malevolently,
Negligently and With Reckless for the Plaintiff's Life, Safety, Security, Health, Liberty and
Enjoyment of His Property as Established and Guaranteed By the 4th, 5th, 6th and 14th
Amendments of the U.S. Constitution and State Declaration of Rights, *Maliciously
Prosecuted the Plaintiff.*

155. *Please See Plaintiff Exhibit 7 (Evidentiary Support of Defendants Shelby County, et al's
Malicious Prosecution of the Innocent and Law Abiding Plaintiff) Attached Herewith as
Evidentiary Support for this Instant Material Fact.*

156. *Please See Plaintiff Exhibit 2 (Evidentiary Support of Defendants Shelby County, et al's
Unlawful, Defective, Known False, Perjured and Malicious "Pretend Criminal Charge"
Warrant) Attached Herewith as Evidentiary Support for this Instant Material Fact.*

157. *Please See Plaintiff Exhibit 5 (Evidentiary Support of Defendants Shelby County, et al's
Overt Unlawful Actions in Furtherance/Continuation of the Instant Conspiracy,  By
Unlawfully Arresting, Detaining and Maliciously Prosecuting the Plaintiff) Attached
Herewith as Evidentiary Support for this Instant Material Fact.*

158. Defendants' Action Constitutes  Malicious Prosecution and is in *Violation of the 4th
Amendment of the U.S. Constitution and Alabama Declaration of Rights, Article 1, Sections
7, 8, 9 and 15,* Because:

    ❑ Defendants' Unlawful Police Actions are Malicious and Intended to Harm/Injure the
Plaintiff, and Not Intended to Bring the Plaintiff to Justice.

**Case #:**

159. Defendants' Extreme, Outrageous, Unlawful, Malicious, Capricious, Repugnant and Malevolent Actions Deprived Plaintiff of His U.S. Constitutionally Established and Guaranteed 4th, 5th, 6th, and 14th Amendment Rights, Substantive Due Process Rights, and State Declaration of Rights.

160. Defendants had No Non-Discriminatory, Lawful or Legitimate Reasons or Justifications to Engage in Willful and Deliberate Indifference to the "Rule of Law"; Engage in Extreme, Outrageous, Malicious, Malevolent, Capricious Conspiracies; Engage in Negligent, Repugnant and Calculated Unlawful Actions; and Engage in Demonstrated Reckless Disregard for the Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property as Factually and Evidentiary Alleged and Supported Above.

161. Plaintiff Humbly Submits and Argues that the Defendants Knew, Had Access to, or Should Have Known that Defendants are Prohibited by the Above Cited/Quoted Relevant Intervening and Controlling Authorities/Laws, from Violating Plaintiff's Rights.

162. As a Direct/Proximate Result of Defendants' Extreme, Outrageous, Unlawful, Malicious and Malevolent Actions, Plaintiff Sustained/Suffered Injuries/Harm as Delineated in this Complaint.

163. **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 4th, 5th,6[th] & 14th Amendments of the U.S. Constitution and Alabama State Declaration of Right, Article 1, Sections 7, 8, 9 and 15.*

164. Defendants are Estopped from Denying Liability Because Defendants Did Indeed Violate Plaintiff's U.S. Constitutionally Established/Guaranteed Rights and State Declaration of Rights. *Wherefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to the Plaintiff.*

**Case #:**

**DEFENDANTS' UNLAWFUL, UNILATERAL, ARBITRARY, MALICIOUS,
CAPRICIOUS AND MALEVOLENT INTERFERENCE AND BREACH OF CONTRACT
AND FEDERAL, STATE HOUSING LAWS UNDER THE COLOR OF STATE LAW**

165. On or About February 28th, 2011, Defendants Engel Realty Company, Inc., et al; Madison At
Shoal Run, LLC, et al; and Shelby County, et al, Without Plaintiff's and Judicial
Consent/Sanction, and With Deliberate Indifference to the "Rule of Law" Unlawfully,
Maliciously, Malevolently, Negligently and With Reckless Disregard for the Plaintiff's Life,
Safety, Security, Health, Liberty and Enjoyment of His Property as Established and
Guaranteed By the 4th, 5th, 6th and 14th Amendments of the U.S. Constitution and State
Declaration of Rights, *Conspired With Defendant Shelby County, et al, and with False
Information Provided by Defendants Shelby County, et al to Defendants Madison At Shoal
Run, LLC, et al and Engel Realty Company, Inc., et el, Unlawfully Interfered with and
Breached/Terminated the Rental Contract Under False Pretext.*

166. *Please See Plaintiff Exhibit 4 (Evidentiary Support of Defendants Madison At Shoal Run,
LLC et al; and Engel Realty Company, Inc., et al's Conspiracy With Defendants Shelby
County, et al to Justify Unlawful Termination/Eviction Notice, and Unlawfully Arresting,
Detaining and Maliciously Prosecuting the Plaintiff) Attached Herewith as Evidentiary
Support for this Instant Material Fact.*

167. *Please See Plaintiff Exhibit 6 (Evidentiary Support of Defendants Madison At Shoal Run,
LLC et al; and Engel Realty Company, Inc., et al's Willful, Known False, Misleading,
Perjured, Malicious Complaint to the Alabama District Court For Shelby County, in an
Overt Action in Furtherance/Continuation of the Instant Conspiracy) Attached Herewith as
Evidentiary Support for this Instant Material Fact.*

168. Defendants and Plaintiff Had a Rental Contract.

**Case #:**

169. Plaintiff Complied With/Performed with All Conditions Precedent to an Alabama Rental Contract.

170. Defendants' Owe a Contractual Duty to the Plaintiff, and Mandated to Perform the Instant Contract in "Good Faith".

171. Defendants Breached that Duty. Defendants Resorted to Unlawful Retaliatory Actions and Unlawfully Conspired With the Defendant Shelby County, et al to Unlawfully Terminate/Evict the Plaintiff When Plaintiff Filed a Notice of Default Against the Defendants.

172. ***Defendants Madison At Shoal Run, LLC, et al, and Engel Realty Company, Inc., et al Fraudulently Breached the Contract and Unlawfully Gained Access, and Gave Access to Defendants Shelby County, et al, All Without a Lawful Warrant, to Search, Seize, Burglarize, Steal, and Convert/Misappropriate Plaintiff's Intellectual Properties, Inventions, Drawings, Technical Manuals, Tax Records, Personal and Plaintiff's Family Identification Records and Photos; Voter's Registration Card; Plaintiff's 1TB Western Digital Hard Drive and Recording/Storage Media (Translucent 32GB, and 16GB Flash Media, and 2 - 8GB USB Media) and Other Private Informations from Plaintiff's Home-Office, While Plaintiff was Unlawfully Detained in Shelby County Detention Center, in Efforts to Eliminate Evidential Proof of Fraud, Usury and Forgery, and Obtain Further Evidence to Incriminate and Incarcerate Plaintiff in an Unlawful Police Action that was Devoid of a Lawful Warrant Authorizing Searches and Seizures.***

173. Defendants ***Shelby County, et al; Madison At Shoal Run, LLC, et al, and Engel Realty Company, Inc., et al*** were the Only Ones that Had:

   a. The Improper Ulterior Motives.
   b. Created the Opportunity.
   c. Had Access to Plaintiff's Apartment and Properties (Apartment Keys).

**Case #:**

All While the Plaintiff was Unlawfully "***Safely Tucked Away***" in Solitary
Incarceration/Confinement By Defendants Between March 24th Thru March 28th, 2011.

174. This Allegation, Supporting Material Facts, Supporting Evidence and Intervening and
Controlling Federal and State Statutes and Laws, and Defendants Unlawful Actions are
Material to this Litigation.

175. Defendants' Extreme, Outrageous, Unlawful, Malicious, Capricious, Repugnant and
Malevolent Actions Deprived Plaintiff of His U.S. Constitutionally Established and
Guaranteed 4th, 5th, 6th, and 14th Amendment Rights, Substantive Due Process Rights, and State
Declaration of Rights.

176. Defendants had No Non-Discriminatory, Lawful or Legitimate Reasons or Justifications to
Engage in Willful and Deliberate Indifference to the "Rule of Law"; Engage in Extreme,
Outrageous, Malicious, Malevolent, Capricious Conspiracies; Engage in Negligent, Repugnant
and Calculated Unlawful Actions; and Engage in Demonstrated Reckless Disregard for the
Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property as Factually
and Evidentiary Alleged and Supported Above.

177. Plaintiff Humbly Submits and Argues that the Defendants Knew, Had Access to, or Should
Have Known that Defendants are Prohibited by the Above Cited/Quoted Relevant Intervening
and Controlling Authorities/Laws, from Violating Plaintiff's Rights.

178. As a Direct/Proximate Result of Defendants' Extreme, Outrageous, Unlawful, Malicious and
Malevolent Actions, Plaintiff Sustained/Suffered Injuries/Harm as Delineated in this
Complaint.

Case #:

179.   **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of*
*4th, 5th, 6th & 14th Amendments of the U.S. Constitution Alabama Declaration of Rights,*
*Article 1, Sections 7, 8, 9 and 15; Alabama State Common Law; Alabama Injury Law;*
*Alabama Article I Thru V (Uniform Residential Landlord and Tenant Act);*
*Alabama Title 24, Chapter 8 (Alabama State Housing Acts); Statutes of Frauds;*
*U.C.C. Article 2;* 18 U.S.C. §§ 241; *18 U.S.C. 371; 18 U.S.C. 1341; 18 U.S.C. 1343;*
*18 U.S.C. § 2701, et seq; 39 U.S.C. § 3623; 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. §*
*1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 42 U.S.C. § 2000e;  42 U.S.C. § 12101 et seq.;*
*42 U.S.C. § 242m; Pub. Law No. 104-191 §§ 262, 264; 45 C.F.R. §§ 160-164; and*
*42 U.S.C 5851.*

180.   Defendants are Estopped from Denying Liability Because Defendants Did Indeed Violate
Plaintiff's U.S. Constitutionally Established/Guaranteed Rights and State Declaration of
Rights. *Wherefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to the*
*Plaintiff.*


## DEFENDANTS' VIOLATION OF PLAINTIFF'S PRIVACY RIGHTS
## UNDER THE COLOR OF STATE LAW


*181.*   On or About February 24th, 2011, Defendants Without Plaintiff's  and/or Judicial
Consent/Sanction, and With Deliberate Indifference to the "Rule of Law" Unlawfully,
Maliciously, Malevolently, Negligently and With Reckless for the Plaintiff's Life, Safety,
Security, Health, Liberty and Enjoyment of His Property as Established and Guaranteed By
the 4th, 5th, 6th and 14th Amendments of the U.S. Constitution and State Declaration of Rights,
***Burglarized, Stole and Converted/Misappropriated Plaintiff's Properties as Delineated***
***Above, and Invaded/Intruded into Plaintiff's Privacy.***

**Case #:**

182. *Please See Plaintiff Exhibit 1 (Evidentiary Support of Defendants Shelby County, et al's Unlawful, Defective, Known False, Perjured and Malicious "Pretend Criminal" Complaint, that was Utilized in Turn to Secure an Unlawful, Defective, Known False, Perjured and Malicious "Pretend Criminal Charge Warrant") Attached Herewith as Evidentiary Support for this Instant Material Fact.*

183. *Please See Plaintiff Exhibit 2 (Evidentiary Support of Defendants Shelby County, et al's Unlawful, Defective, Known False, Perjured and Malicious "Pretend Criminal Charge" Warrant) Attached Herewith as Evidentiary Support for this Instant Material Fact.*

184. *Please See Plaintiff Exhibit 3 (Evidentiary Support of Plaintiff's Complaint to Defendants About Unlawful Searches & Seizure, Burglary, Theft, Conversion/Misappropriation, and Defendants' Response to Plaintiff's Complaint) Attached Herewith as Evidentiary Support for this Instant Material Fact.*

185. Defendants' Invasion/Intrusion of Plaintiff's Privacy was Unwarranted and Devoid of Plaintiff's and/or Judicial Consent.

186. Defendants' Invasion/Intrusion of Plaintiff's Privacy was Intentional, Coupled with Malicious and Malevolent Ulterior Motives.

187. Defendants' Invasion/Intrusion of Plaintiff's Privacy is Substantial, Degrading and Insulting.

188. Plaintiff Sustained Emotional and Mental Distress from Defendants' Unlawful, Intentional, Malicious and Malevolent Police Actions.

189. Defendants' Extreme, Outrageous, Unlawful, Malicious, Capricious, Repugnant and Malevolent Actions Deprived Plaintiff of His U.S. Constitutionally Established and Guaranteed 4th, 5th, 6th, and 14th Amendment Rights, Substantive Due Process Rights, and State Declaration of Rights.

**Case #:**

190. Defendants had No Non-Discriminatory, Lawful or Legitimate Reasons or Justifications to Engage in Willful and Deliberate Indifference to the "Rule of Law"; Engage in Extreme, Outrageous, Malicious, Malevolent, Capricious Conspiracies; Engage in Negligent, Repugnant and Calculated Unlawful Actions; and Engage in Demonstrated Reckless Disregard for the Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property as Factually and Evidentiary Alleged and Supported Above.

191. Plaintiff Humbly Submits and Argues that the Defendants Knew, Had Access to, or Should Have Known that Defendants are Prohibited by the Above Cited/Quoted Relevant Intervening and Controlling Authorities/Laws, from Violating Plaintiff's Rights.

192. As a Direct/Proximate Result of Defendants' Extreme, Outrageous, Unlawful, Malicious and Malevolent Actions, Plaintiff Sustained/Suffered Injuries/Harm as Delineated in this Complaint.

193. **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of 18 U.S.C. § 2701, et seq; 39 U.S.C. § 3623; 42 U.S.C. § 2000e; 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 4th, 5th, 6th & 14th Amendments of the U.S. Constitution and State Declaration of Right, and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15.*

194. Defendants are Estopped from Denying Liability Because Defendants Did Indeed Violate Plaintiff's U.S. Constitutionally Established/Guaranteed Rights and State Declaration of Rights. *Wherefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to the Plaintiff.*

Case #:

## DEFENDANTS' USE OF THE INTERNET, MAIL AND WIRE TO PERPETRATE FRAUD & USURY ON THE PLAINTIFF

195. Between August 30th,, 2010 to April 18th, 2011, Defendants Without Judicial Consent/Sanction and With Deliberate Indifference to the "Rule of Law" Unlawfully, Maliciously, Malevolently, Negligently and With Reckless for the Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property as Established and Guaranteed By the 4th, 5th, 6th and 14th Amendments of the U.S. Constitution and State Declaration of Rights, *Utilized the Above Mediums to Perpetrate Fraud and Usury on the Plaintiff By False, Misrepresentations, and Misstating of Material Facts and Failing to Disclose Contract Terms Before and During Signing of the Instant Rental Contract.*

196. *Please See Plaintiff Exhibit 8 (Evidentiary Support of Defendants Madison At Shoal Run, LLC et al; and Engel Realty Company, Inc., et al's Willful, Unlawful and Malicious Use of the Internet, Mail and Wire to Perpetrate Fraud & Usury on the Plaintiff, and Collecting Monies Not Owed Nor Expressly Permitted By Law (VIOLATION OF RICO LAWS FOR FRAUD & USURY ON THE TENANTS)) Attached Herewith as Evidentiary Support for this Instant Material Fact.*

197. This Allegation, Supporting Material Facts, Supporting Evidence and Intervening and Controlling Federal and State Statutes and Laws, and Defendants Unlawful Actions are Material to this Litigation.

198. Defendants' Inducements and False Representations Were and Are False.

199. Defendants Had Knowledge of the Falsity of the Fraudulent Inducement, Misrepresentations and Misstatements.

200. Defendants Intended to Defraud the Plaintiff Who was Unaware of Defendants' Schemes.

**Case #:**

201. Defendants Had Knowledge that the Internet, Mail and Phone Can Be Used to Perpetrate a Fraud.

202. The Instant Mediums were Used By the Defendants in Furtherance of the Defendants' Fraudulent and Usury Schemes.

203. Defendants' Inducements and Representations were and are False.

204. Defendants Had Knowledge of the Falsity of the Fraudulent Inducement and Representations.

205. Defendants Intended the Plaintiff to Act on the Fraudulent Inducements and Representations.

206. Plaintiff was Unaware of Defendants' Fraudulent Inducements and Misrepresentations.

207. Plaintiff Relied on the Truth of Defendants' Inducements and Representations.

208. Plaintiff Had a Right to Rely on Defendants' Inducements and Representations.

209. Plaintiff Had a Valid Contract With the Defendants.

210. Defendants Unlawfully and Malevolently Interfered with and Terminated Plaintiff's Lawful/Valid Contract without "Good Cause" and in Retaliation for Plaintiff Filing a Default Notice on February 3rd, 2011 Against the Defendants.

211. Defendants' Extreme, Outrageous, Unlawful, Malicious, Capricious, Repugnant and Malevolent Actions Deprived Plaintiff of His U.S. Constitutionally Established and Guaranteed 4th, 5th, 6th, and 14th Amendment Rights, Substantive Due Process Rights, and State Declaration of Rights.

**Case #:**

212. Defendants had No Non-Discriminatory, Lawful or Legitimate Reasons or Justifications to Engage in Willful and Deliberate Indifference to the "Rule of Law"; Engage in Extreme, Outrageous, Malicious, Malevolent, Capricious Conspiracies; Engage in Negligent, Repugnant and Calculated Unlawful Actions; and Engage in Demonstrated Reckless Disregard for the Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property as Factually and Evidentiary Alleged and Supported Above.

213. Plaintiff Humbly Submits and Argues that the Defendants Knew, Had Access to, or Should Have Known that Defendants are Prohibited by the Above Cited/Quoted Relevant Intervening and Controlling Authorities/Laws, from Violating Plaintiff's Rights.

214. As a Direct/Proximate Result of Defendants' Extreme, Outrageous, Unlawful, Malicious and Malevolent Actions, Plaintiff Sustained/Suffered Injuries/Harm as Delineated in this Complaint.

215. **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of 4th, 5th, 6th & 14th Amendments of the U.S. Constitution Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15; Alabama State Common Law; Alabama Injury Law; Alabama Article I Thru V (Uniform Residential Landlord and Tenant Act); Alabama Title 24, Chapter 8 (Alabama State Housing Acts); Statutes of Frauds; U.C.C. Article 2; 18 U.S.C. §§ 241; 18 U.S.C. 371; 18 U.S.C. 1341; 18 U.S.C. 1343; 18 U.S.C. § 2701, et seq; 39 U.S.C. § 3623; 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 42 U.S.C. § 2000e; 42 U.S.C. § 12101 et seq.; 42 U.S.C. § 242m; Pub. Law No. 104-191 §§ 262, 264; 45 C.F.R. §§ 160-164; and 42 U.S.C 5851.*

216. Defendants are Estopped from Denying Liability Because Defendants Did Indeed Violate Plaintiff's U.S. Constitutionally Established/Guaranteed Rights and State Declaration of Rights. *Wherefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to the Plaintiff.*

Case #:

**DEFENDANTS' WILLFULLY PROFFERED KNOWN FALSE, MALICIOUS
AND PERJURED CRIMINAL CHARGE ON AN INNOCENT PLAINTIFF
UNDER THE COLOR OF STATE LAW**

217. On or About February 24th, 2011, Defendants Without Judicial Consent/Sanction and with Deliberate Indifference to the "Rule of Law" Unlawfully, Maliciously, Malevolently, Negligently and With Reckless for the Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property as Established and Guaranteed By the 4th, 5th, 6th and 14th Amendments of the U.S. Constitution and State Declaration of Rights, *Unlawfully, Willfully Proffered Known False, Malicious, Perjured Manufactured/Fabricated Criminal Complaint and Criminal Charge of "Harassing Communication" in Effort to Unlawfully Arrest, Detain, Maliciously Prosecute, Conduct Unlawful Searches &Seizures and Incarcerate the Innocent Plaintiff Who was in Fear for His Life Because of Harassment and Racial Profiling of the Plaintiff By Shelby County Sheriff Deputies.*

218. Defendants' Unlawful Police Actions was Intentional and Meant to Create a Criminal Record on the Plaintiff, thus Making it Next to Impossible for the Plaintiff to Obtain Employment, Housing, Credit, Good Medical Care, Etc.

219. Defendants' Unlawful Police Actions and ***Abuse of Granted Police and Prosecutorial Powers*** By Proffering Known False, Malicious, Perjured Manufactured/Fabricated Criminal Charge of "Harassing Communication" is Basted with Improper Ulterior Motives, For Purposes of Causing Harm/Injuries to the Plaintiff, and Other than to Bring the Plaintiff to Justice.

220. *Please See Plaintiff Exhibit 1 (Evidentiary Support of Defendants Shelby County, et al's Unlawful, Defective, Known False, Perjured and Malicious "Pretend Criminal" Complaint, that was Utilized in Turn to Secure an Unlawful, Defective, Known False, Perjured and Malicious "Pretend Criminal Charge Warrant") Attached Herewith as Evidentiary Support for this Instant Material Fact.*

**Case #:**

221. ***Please See Plaintiff Exhibit 2 (Evidentiary Support of Defendants Shelby County, et al's Unlawful, Defective, Known False, Perjured and Malicious "Pretend Criminal Charge" Warrant) Attached Herewith as Evidentiary Support for this Instant Material Fact.***

222. Defendants' Extreme, Outrageous, Unlawful, Malicious, Capricious, Repugnant and Malevolent Actions Deprived Plaintiff of His U.S. Constitutionally Established and Guaranteed 4th, 5th, 6th, and 14th Amendment Rights, Substantive Due Process Rights, and State Declaration of Rights.

223. Defendants had No Non-Discriminatory, Lawful or Legitimate Reasons or Justifications to Engage in Willful and Deliberate Indifference to the "Rule of Law"; Engage in Extreme, Outrageous, Malicious, Malevolent, Capricious Conspiracies; Engage in Negligent, Repugnant and Calculated Unlawful Actions; and Engage in Demonstrated Reckless Disregard for the Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property as Factually and Evidentiary Alleged and Supported Above.

224. Plaintiff Humbly Submits and Argues that the Defendants Knew, Had Access to, or Should Have Known that Defendants are Prohibited by the Above Cited/Quoted Relevant Intervening and Controlling Authorities/Laws, from Violating Plaintiff's Rights.

225. As a Direct/Proximate Result of Defendants' Extreme, Outrageous, Unlawful, Malicious and Malevolent Actions, Plaintiff Sustained/Suffered Injuries/Harm as Delineated in this Complaint.

226. **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 4th, 5th, 6th & 14th Amendments of the U.S. Constitution and State Declaration of Right, and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15 and U.S.C. § 2000e.*

Case #:

227.  Defendants are Estopped from Denying Liability Because Defendants Did Indeed Violate Plaintiff's U.S. Constitutionally Established/Guaranteed Rights and State Declaration of Rights. *Wherefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to the Plaintiff.*

## DEFENDANTS' UNLAWFUL, WILLFUL AND MALICIOUS FAILURE/REFUSAL TO INTERCEDE AND STOP THE VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER THE COLOR OF STATE LAW

228.  On or About February 24th, 2011, Defendants Without Judicial Consent/Sanction and with Deliberate Indifference to the "Rule of Law" Unlawfully, Maliciously, Malevolently, Negligently and With Reckless for the Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property as Established and Guaranteed By the 4th, 5th, 6th and 14th Amendments of the U.S. Constitution and State Declaration of Rights, ***Specifically, Shelby County Sheriff Deputies, Stood By and Watched as Plaintiff's U.S. Established/Guaranteed Rights and State Declaration of Right was Being Violated and Failed to Protect the Plaintiff or Intercede to Stop Such Insidious and Forbidden Violations.***

229.  Defendants Knew, Had Access to Information and/or Should Have Known that the Warrant Utilized for the Arrest, Detention and Malicious Prosecution of the Plaintiff was Devoid of Judicial Consent/Sanction, Forged, Lack Probable Cause and/or Exigent Circumstances.

230.  A Law Enforcement Official has a Duty to Intercede when Fellow Officers are Committing Constitutional Violations of Suspects Rights in His or Her Presence.

231.  "Police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000) (citation omitted).

**Case #:**

232. "It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence. See O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir.1988); Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir.1986); Webb v. Hiykel, 713 F.2d 405, 408 (8th Cir.1983); Bruner v. Dunaway, 684 F.2d 422, 426 (6th Cir.1982), cert. denied, 459 U.S. 1171, 103 S.Ct. 816, 74 L.Ed.2d 1014 (1983); Byrd v. Brishke, 466 F.2d 6, 11 (7th Cir.1972). An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used, see O'Neill, 839 F.2d at 11-12; (2) that a citizen has been unjustifiably arrested, see Gagnon v. Ball, 696 F.2d 17, 21 (2d Cir.1982); or (3) that any constitutional violation has been committed by a law enforcement official, see O'Neill, 839 F.2d at 11".

233. Defendants Knew, Had Access to, or Should have Known that Defendants' Unlawful Para-Military Police Actions was Devoid of Judicial Sanctions/Consent, and that Defendants were Exceeding their Authorized Duties, But Failed/Refused to Perform their Duties.

234. Defendants' Extreme, Outrageous, Unlawful, Malicious, Capricious, Repugnant and Malevolent Actions Deprived Plaintiff of His U.S. Constitutionally Established and Guaranteed 4th, 5th, 6th, and 14th Amendment Rights, Substantive Due Process Rights, and State Declaration of Rights.

235. Defendants had No Non-Discriminatory, Lawful or Legitimate Reasons or Justifications to Engage in Willful and Deliberate Indifference to the "Rule of Law"; Engage in Extreme, Outrageous, Malicious, Malevolent, Capricious Conspiracies; Engage in Negligent, Repugnant and Calculated Unlawful Actions; and Engage in Demonstrated Reckless Disregard for the Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property as Factually and Evidentiary Alleged and Supported Above.

236. Plaintiff Humbly Submits and Argues that the Defendants Knew, Had Access to, or Should Have Known that Defendants are Prohibited by the Above Cited/Quoted Relevant Intervening and Controlling Authorities/Laws, from Violating Plaintiff's Rights.

**Case #:**

237. As a Direct/Proximate Result of Defendants' Extreme, Outrageous, Unlawful, Malicious and Malevolent Actions, Plaintiff Sustained/Suffered Injuries/Harm as Delineated in this Complaint.

238. **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of the Due Process and Equal Protection Clause of the 14th Amendment to the Constitution of the United States, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 4th, 5th, 6th & 14th Amendments of the U.S. Constitution and State Declaration of Right, and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15.*

239. Defendants are Estopped from Denying Liability Because Defendants Did Indeed Violate Plaintiff's U.S. Constitutionally Established/Guaranteed Rights and State Declaration of Rights. *Wherefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to the Plaintiff.*

## DEFENDANTS' NEGLIGENT/INTENTIONAL ADMINISTRATIVE FAILURE TO TRAIN/DISCIPLINE/SUPERVISE UNDER THE COLOR OF STATE LAW

240. On or About February 24th and 28th, 2011, Defendants Without Judicial Consent/Sanction and with Deliberate Indifference to the "Rule of Law" Unlawfully, Maliciously, Malevolently, Negligently and With Reckless Disregard for the Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property as Established and Guaranteed By the 4th, 5th, 6th and 14th Amendments of the U.S. Constitution and State Declaration of Rights, Demonstrated a Reckless Disregard for Plaintiff's Life, Safety, Security, Health, Liberty, and Enjoyment of His Properties and as a Direct/Proximate Result of *Defendants' Negligent, Customary and Intentional Administrative Failure to Train, Re-Train, Discipline and/or Properly Supervise their Officers Who Have a "Shoot First and Ask Questions Later" Mentality, and as a Direct/Proximate Results of Instant Officers Unlawful Actions Plaintiff Sustained and Continue to Sustain Harm/Injuries and Damages.*

**Case #:**

241. Defendants' Deputy Sheriff that Showed-up at Plaintiff's Home/Office on the Evening of February 23rd, 2011 with His Hand on His Weapons Holster, and Unbuttoned the Holster While Plaintiff was Attempting to Turn-Off His Stereo was Most Alarming and Frightening.

242. *Defendants Knew, Had Access to Information and/or Should Have Known that Plaintiff Has No Weapons, Nor Keeps Guns in His Home/Office; Plaintiff was Non-Threatening and Plaintiff Has Not Violated Any Laws Except Quietly Listen to His Music and Calling the Sheriff for Protection from the Instant Sheriff's Trigger Happy, Nervous and Jittery Deputies.*

243. *Plaintiff was Afraid for His Life from Defendants' Unlawful, Unrelenting/Constant Harassments and Racial Profiling Actions.*

244. Defendants Never Issued Any Citations/Tickets/Sworn Oath of Complaint By a Private Citizen to Substantiate Plaintiff's Violations of Any Laws or Ordinances.

245. *Defendants Has a Demonstrated Custom of Harassment, Racial Profiling and Negligent/Intentional Administrative Failure to Train/Discipline/Supervise Its Sheriff Deputies, Specifically SOP on Unlawful Arrest and Detention of Law Abiding Citizens.*

246. *Defendants' Owe a Duty to the Plaintiff Thru/By Defendants Sworn Oath to Comply By the "Rule of Law"; Intercede and Protect Plaintiff from Violation of Plaintiff's U.S. and State Constitutionally Established/Guaranteed Rights.*

247. *Defendants Breached that Duty By Defendants' Unlawful Police Actions (Unlawful Arrest, Unlawful Detention, Malicious Prosecution, Unlawful Searches, Seizures, Burglary, Theft and Conversion/Misappropriation of Plaintiff's Properties) With History of Demonstrated Deliberate Indifference to the "Rule of Law", and Failing/Refusing to Intercede and Stopping the Violation of Plaintiff's Civil Rights.*

Case #:

248. Defendants' Extreme, Outrageous, Unlawful, Malicious, Capricious, Repugnant and
Malevolent Actions Deprived Plaintiff of His U.S. Constitutionally Established and
Guaranteed 4th, 5th, 6th, and 14th Amendment Rights, Substantive Due Process Rights, and State
Declaration of Rights.

249. Defendants had No Non-Discriminatory, Lawful or Legitimate Reasons or Justifications to
Engage in Willful and Deliberate Indifference to the "Rule of Law"; Engage in Extreme,
Outrageous, Malicious, Malevolent, Capricious Conspiracies; Engage in Negligent, Repugnant
and Calculated Unlawful Actions; and Engage in Demonstrated Reckless Disregard for the
Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property as Factually
and Evidentiary Alleged and Supported Above.

250. Plaintiff Humbly Submits and Argues that the Defendants Knew, Had Access to, or Should
Have Known that Defendants are Prohibited by the Above Cited/Quoted Relevant Intervening
and Controlling Authorities/Laws, from Violating Plaintiff's Rights.

251. As a Direct/Proximate Result of Defendants' Extreme, Outrageous, Unlawful, Malicious and
Malevolent Actions, Plaintiff Sustained/Suffered Injuries/Harm as Delineated in this
Complaint.

252. **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of*
*42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986;*
*4th, 5th, 6th & 14th Amendments of the U.S. Constitution and State Declaration of Right, and*
*Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15.*

253. Defendants are Estopped from Denying Liability Because Defendants Did Indeed Violate
Plaintiff's U.S. Constitutionally Established/Guaranteed Rights and State Declaration of
Rights. *Wherefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to*
*the Plaintiff.*

**Case #:**

**DEFENDANTS' NEGLIGENCE UNDER THE COLOR OF STATE LAW**

254. Between February 3rd to April 18th, 2011, Defendants' Unlawful Police Actions Demonstrated Defendants' Propensity for Recklessness and Negligence, and a Demonstrated Indifference to the "Rule of Law" by Defendants Unlawfully Arresting, Unlawfully Detaining, Maliciously Prosecuting, Unlawfully Searching, Seizing, Burglarizing, Stealing and Converting/Misappropriating Plaintiff's Person and Business Properties.

255. *__Defendants are Not God Jehovah/Yahweh. Even God the Almighty Does Not Abuse His Powers. Jehovah/Yahweh is the Epitome of Righteousness and Justice. So Why Should the Defendants with Granted Frail Human Powers Abuse Justice and Righteousness? It Does Not Bode Well for them.__*

256. Defendants' Owe a Duty to the Plaintiff Thru and By Defendants Sworn Oath to Comply By the "Rule of Law"; Intercede and Protect Plaintiff from Violation of Plaintiff's U.S. and State Constitutionally Established/Guaranteed Rights.

257. Defendants Breached that Duty By Defendants' Unlawful Police Actions (Unlawful Arrest, Unlawful Detention, Malicious Prosecution, Unlawful Searches, Seizures, Burglary, Theft and Conversion/Misappropriation of Plaintiff's Properties) and the With History of Demonstrated Deliberate Indifference to the "Rule of Law", and Failing/Refusing to Intercede and Stopping the Violation of Plaintiff's Civil Rights.

258. But for the Defendants Unlawful Actions, Plaintiff Would Not Have Sustained/Suffered Harm/Injury.

259. Defendants' Extreme, Outrageous, Unlawful, Malicious, Capricious, Repugnant and Malevolent Actions Deprived Plaintiff of His U.S. Constitutionally Established and Guaranteed 4th, 5th, 6th, and 14th Amendment Rights, Substantive Due Process Rights, and State Declaration of Rights.

**Case #:**

260. Defendants had No Non-Discriminatory, Lawful or Legitimate Reasons or Justifications to Engage in Willful and Deliberate Indifference to the "Rule of Law"; Engage in Extreme, Outrageous, Malicious, Malevolent, Capricious Conspiracies; Engage in Negligent, Repugnant and Calculated Unlawful Actions; and Engage in Demonstrated Reckless Disregard for the Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property as Factually and Evidentiary Alleged and Supported Above.

261. Plaintiff Humbly Submits and Argues that the Defendants Knew, Had Access to, or Should Have Known that Defendants are Prohibited by the Above Cited/Quoted Relevant Intervening and Controlling Authorities/Laws, from Violating Plaintiff's Rights.

262. As a Direct/Proximate Result of Defendants' Extreme, Outrageous, Unlawful, Malicious and Malevolent Actions, Plaintiff Sustained/Suffered Injuries/Harm as Delineated in this Complaint.

263. **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 4th, 5th,6th & 14th Amendments of the U.S. Constitution and State Declaration of Right, and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15.*

264. Defendants are Estopped from Denying Liability Because Defendants Did Indeed Violate Plaintiff's U.S. Constitutionally Established/Guaranteed Rights and State Declaration of Rights. *Wherefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to the Plaintiff.*

**Case #:**

## DEFENDANTS' INFLICTION OF EMOTIONAL & MENTAL DISTRESS
## ON THE PLAINTIFF.

265. Between August 30th, 2010 Defendants' Fraudulently Induced the Unsuspecting Plaintiff into a Rental Contract, and Presented the Plaintiff with Misleading, Misrepresenting Information, Misstatements, and Forged Rental Contract; and Perpetrated Fraud, Usury and Conspired with Shelby County, et al to Violate Plaintiff's Civil Rights; Ensuring that the Plaintiff was Unlawfully Arrested, Detained, Maliciously Prosecuted, Gave Access Without a Lawful Warrant to Defendant Shelby County, et al to Unlawfully Search, Seize, Burglarize, Steal, Convert/Misappropriate Plaintiff's Personal and Business Properties.

266. Defendant(s) Unlawful Actions Were and Are Egregious, Extreme, Outrageous, Malicious, Malevolent, Negligent, Reckless, Careless, Capricious, and Repugnant ***and Caused Emotional and Mental Distress, Sleeplessness, Harm/Injury and Substantial Financial, Medical and Housing Hardship to the Plaintiff.***

267. Defendant(s)' Unlawful Actions Were Intended to Harm/Injure the Plaintiff, and Not Intended to Bring the Plaintiff to Justice.

268. Defendants' Egregious, Extreme, Outrageous, Unlawful, Malicious, Capricious, Repugnant and Malevolent Actions Deprived Plaintiff of His U.S. Constitutionally Established and Guaranteed 4th, 5th, 6th, and 14th Amendment Rights, Substantive Due Process Rights, and State Declaration of Rights, and Continues to Inflict Emotional and Mental Distress on the Plaintiff.

269. Defendants had No Non-Discriminatory, Lawful or Legitimate Reasons or Justifications to Engage in Willful and Deliberate Indifference to the "Rule of Law"; Engage in Extreme, Outrageous, Malicious, Malevolent, Capricious Conspiracies; Engage in Negligent, Repugnant and Calculated Unlawful Actions; and Engage in Demonstrated Reckless Disregard for the Plaintiff's Life, Safety, Security, Health, Liberty and Enjoyment of His Property as Factually and Evidentiary Alleged and Supported Above.

**Case #:**

270. Plaintiff Humbly Submits and Argues that the Defendants Knew, Had Access to, or Should Have Known that Defendants are Prohibited by the Above Cited/Quoted Relevant Intervening and Controlling Authorities/Laws, from Violating Plaintiff's Rights.

271. As a Direct/Proximate Result of Defendants' Extreme, Outrageous, Unlawful, Malicious and Malevolent Actions, Plaintiff Sustained/Suffered Injuries/Harm as Delineated Below.

272. **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of Title VII Civil Rights Act of 1964; 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986;  4ᵗʰ, 5ᵗʰ,6ᵗʰ & 14ᵗʰ Amendments of the U.S. Constitution and State Declaration of Right, and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15; and* **42 USC 5851.**

273. Defendants are Estopped from Denying Liability Because Defendants Did Indeed Violate Plaintiff's U.S. Constitutionally Established/Guaranteed Rights and State Declaration of Rights. *Wherefore, Defendants are vicariously ("qui facet per alum facet per se") Liable to the Plaintiff.*

**AN ANALYSIS OF DEFENDANTS' LIABILITY**

274. All Defendant(s) were at All Times Relevant to the Events Mentioned Herein. Defendants *Acted Outside the Scope of their Federal and Alabama Authorized Duties/Jurisdiction/Employment.*

275. At All Times Relevant to the Events, the Defendant(s) were State, County, Municipality and/or Locality Actors, Individual/Corporations (Like the KKK and Police/Sheriff Department Conspiracy that Sent Young Innocent Kids to an Early Death/Grave and Buried Them in a Pile of Dirt (**U.S. v. Cecil Price et al.** ). No Injustice Can Be Hidden From the Watchful Eyes Of Jehovah/Yahweh the Almighty God of Justice & Righteousness, and Not Revealed For Accountability.

**Case #:**

276.  Justice Means Balance.  There Must Be Balance in this Universe, or Else, It Will Spin Out of Control as a Direct/Proximate Deliberate Malevolent Actions of Humans.

277.  Defendants, Acting Under the "Color of State Law" as Police Officers, were Summoned to Act Under State, County, Municipality and/or Locality Authority.

278.  All Defendants Engaged in Intentional Racial Profiling and Discrimination against the Plaintiff, Based upon Plaintiff's Alienage, Ancestry, Ethnicity, National Origin, Race and/or Color, in Violation of the Plaintiff's Rights.

279.  Defendants Acted in Concert/Conspired to Violate Plaintiff's 4th, 5th, 6th and 14th Amendment Rights; Federal Statutes 42 U.S.C § 1981; 42 U.S.C § 1982;  42 U.S.C § 1983; 42 U.S.C § 1985; 42 U.S.C § 1986; State Common Law; State Personal Injury Law, State Declaration of Rights.

280.  Defendants' Offensive, Conscience Shocking, Arbitrary and Discriminative Decision to Arbitrarily, Intentional, Maliciously and Malevolently, Unconsentual and Unlawfully Arrest Plaintiff; Unlawfully Detain Plaintiff; Unlawfully Search, Seize, Burglarize, Steal, Loot, Convert/Misappropriate Plaintiff's Properties; Intentionally, Maliciously and Willfully File/Proffer a Known False and Perjured Police Complaint and Warrant; Police Report(s); Fabricated Criminal Charges; and Maliciously Prosecuting  the Plaintiff for an Act/Crime that the Plaintiff Did Not Commit are Attributable to the Defendant(s)' Decision/Policy Makers (i.e. County Manager, County Sheriff, County Administrators/Commissioners, Watch/Incident Commanders, Supervisors, etc), for Intentional, Malicious, Negligent Failure to Train/Discipline/Supervise.

281.  Defendants, by their Unlawful Actions, Deprived/Stripped the Plaintiff of Rights which Guarantees Freedom from Discrimination, Unreasonable Searches and Seizures, Unlawful Arrest, Unlawful Detention, False Charges, Use of Excessive Force, Malicious Prosecution, Violations of Due Process and Equal Protection Rights.

282.   Defendants Went Beyond Their Statutorily Authorized Duties.

**Case #:**

283. The Instant Defendant(s)' Decision/Policy Makers are Liable for the Unlawful Actions of its Employees, Agents and/or Representatives Directly, Under the Doctrine of *respondeat superior.*

284. This Action is Brought Against the Defendants in their Individual and Official Capacities, for Violations of the Plaintiff's Civil Rights "Under the Color of State Law", and in Violation of the U.S. Constitutional Amendments, Alabama State Declaration of Rights, and Relevant Intervening and Controlling Authorities /Laws Cited/Quoted in this Complaint.

## **DEFENDANTS' IMPROPER ULTERIOR MOTIVE(S):**

285. Plaintiff Did Not Commit any of the Acts/Crime He is Accused of Committing, and for which His Rights were Violated.

286. Defendants Willfully, Maliciously, Intentionally, Negligently and Malevolent Intended to Create a Criminal Record on the Plaintiff.

287. Punish the Plaintiff for Filing Verbal Complaint with Shelby County Sheriff (Defendant Chris Curry) about the Unnecessary, Unlawful and Constant Harassment and Racial Profiling Conducted By the Sheriff Chris Curry's Deputies, and Plaintiff Fearing for His Life.

288. Subsequently, Defendant Chris Curry and Josh Forrest Unlawfully Arrested and Detained the Plaintiff for Calling the Defendants Shelby County for Protection from His Wayward Deputies.

289. Defendants Intentionally and Maliciously Intended to Punish the Plaintiff for Filing the Instant Harassment Complaints with the Shelby County Sheriff/Sheriff Department.

290. Defendants Intentionally and Maliciously Intended to Punish the Plaintiff for Requesting a Lawful Warrant.

**Case #:**

291. Defendants Willfully Filed Known False and Perjured Police Reports to Maliciously Prosecute, Convict and Incarcerate the Plaintiff for Acts/Crimes Plaintiff Did Not Commit and the Charges were Filed Intentionally, Negligently, Maliciously, Malevolently, and/or Recklessly for Purposes Other Than Bringing the Plaintiff to Justice.

292. Defendants' Unlawful Actions was Solely Based on Plaintiff's Alienage, Ancestry, Ethnicity, Race, Color and/or National Origin.

293. Defendants had No Lawful Warrants, "Probable Cause", and/or Exigent Circumstances to File the False, Malicious and Perjured Police Report, Hence Institute Criminal Proceedings against the Plaintiff on Some or All of the Alleged Charge(s).

294. Defendants had No Non-Discriminatory, Lawful or Legitimate Reasons, Lawful Warrants, "Probable Cause", and/or Exigent Circumstances to Justify their Unlawful and Arbitrary Treatment of the Plaintiff.

295. Defendants Knew, Had Access to Information or Should have Known that Defendants' Unlawful Actions were In Violation of the "Rule of Law" and Plaintiff's Clearly Established Constitutional Rights.

296. Defendants Knew, Had Access to Information or Should have Known that Defendants' Unlawful, Reprehensible, and Callous Actions that Lacked Due Considerations Could Cause Death and/or Permanent Serious Bodily Injuries/Harm to the Plaintiff, but Intentionally/Negligently/Recklessly Failed to give Due Consideration to such Possibilities.

297. In so Far as the Defendants had No Non-Discriminatory, Lawful or Legitimate Reasons, Lawful Warrants, "Probable Cause", and/or Exigent Circumstances for their Unlawful Actions, the Motives of the Defendants were Improper, Intentional, Malicious, Malevolent and Intended to:

**Case #:**

❑   Punish the Plaintiff for Filing Verbal Complaints with Shelby County
     Sheriff/Sheriff Department about the Unnecessary, Unlawful and Constant Racial
     Profiling, Harassing.

❑   Punish the Plaintiff for Requesting the Production of a Lawful Warrant.

❑   Deprive the Plaintiff of His Properties and Liberty.

❑   Willfully, Maliciously, Intentionally, Negligently and Malevolent Intended to
     Create a Criminal Record on the Plaintiff.

❑   Discriminate Against the Plaintiff, Based on the Plaintiff's Alienate, Ancestry,
     Ethnicity, National Origin, Race and Color and Cause Unnecessary Emotional
     and/or Mental Distress to the Plaintiff.

## DIRECT/PROXIMATE CAUSATION OF DEFENDANTS' UNLAWFUL ACTIONS

298. In so Far as the Defendants had No Non-Discriminatory, Lawful or Legitimate
     Reasons, Lawful Warrants, "Probable Cause", and/or Exigent Circumstances for their
     Unlawful Actions, the Direct/Proximate Causation of Defendants' Unlawful, Arbitrary,
     Intentional, Malicious, Malevolent, Reckless and Negligent Actions are:

     ❑   A "Deliberate Indifference" to the "Rule of Law" which Defendants Swore to
          Up-Hold.

     ❑   A "Deliberate Indifference" to the Plaintiff's U.S. and Alabama Constitutionally
          Secured Rights.

     ❑   Willfully, Maliciously, Intentionally, Negligently, Recklessly and Malevolently
          Intended to Create a Criminal Record on the Plaintiff.

**Case #:**

❏ Deprive the Plaintiff of His Properties and Liberty.

❏ Vengefulness against the Plaintiff for Filing Verbal Harassment and Racial Profiling Complaint Against Shelby County Sheriff/Sheriff Department (Defendant Chris Curry and Josh Forrest).

❏ Vengefulness Towards the Plaintiff for Requesting the Production of a Lawful Warrant from the Defendants.

❏ Defendants Intentionally/Negligently Failed to Train; Failed to Re-Train; Failed to Discipline; Failed to Supervise; Failed to Properly Classify; Failed to Properly Entrust; Failed to Direct; Failed to Protect the Public; Improperly Retained and Failed to Properly Investigate and Re-Assign Police Officer(s), Who is/are Known to Have a Propensities for Violence, Trigger/Cowboy Style Happy, Uncontrollable Violent/Bad Tempers; Frequent, Unrestrained and Uncautionable First Resort to Weapons Discharge Mentality; Use of Excessive Force; and Prior Bad Acts Records.

## INJURIES/HARM SUSTAINED FROM DEFENDANT(S)' UNLAWFUL ACTIONS.

299. As a Direct, Foreseeable, and Proximate Results of the Instant Unlawful Actions of the Defendants, Plaintiff Sustained/Suffered Loss/Compromise of His Intellectual Properties, Reconstituted Inventions, Proprietary Drawings and Documents, Personal and Business Properties.

300. As a Direct, Foreseeable, and Proximate Results of the Instant Unlawful Actions of the Defendants, Plaintiff Sustained and Continues to Sustain Financial Losses.

301. Defendants' Unlawful Actions are the Direct/Proximate Cause of Plaintiff's Emotional/Mental Distress, that has Resulted in Skin Eruptions, Sleepless Nights, and other Stress Related Medical Problems.

Case #:

302. As a Direct, Foreseeable, and Proximate Results of the Instant Unlawful Actions of the Defendants, Plaintiff Suffered and Will Continue to Suffer Anxiety, Despair, Depression, Mental Pain and Anguish, Emotional Stress, Shame, Homelessness, and Diagnosed Illnesses, all to Plaintiff's Injury/Harm or Damage.

## PLAINTIFF'S SPECIFIC GUARANTEED/ESTABLISHED RIGHTS, AND FEDERAL AND STATE STATUTES/LAWS THAT WERE VIOLATED BY DEFENDANTS.

### U.S. CONSTITUTIONAL AMENDMENTS, STATUTES AND LAWS VIOLATED BY DEFENDANTS.

303. Defendants Under the Color of State Law Deprived/Stripped the Plaintiff of His Clearly Established/Guaranteed Rights of **the 4th, 5th, 6th & 14th Amendments of the U.S. Constitution; Title VI of the Civil Rights Act of 1964; Title VII Civil Rights Act of 1964; Title VIII of the Civil Rights Act of 1968 (Fair Housing Act ); Executive Order 11063; Executive Order 12892; Executive Order 12892; Statutes of Frauds ; U.C.C. Article 2; 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 18 U.S.C. §§ 241; 18 U.S.C. 371;; 18 U.S.C. § 2701, et seq; 39 U.S.C. § 3623; 42 U.S.C. § 2000e; 18 U.S.C. 1341 and 18 U.S.C. 1343; 42 U.S.C. § 12101 et seq.; 42 U.S.C. § 242m; Pub. Law No. 104-191 §§ 262, 264; 45 C.F.R. §§ 160-164; 42 U.S.C 5851.**

### ALABAMA DECLARATION OF RIGHT, STATUTES AND LAWS VIOLATED BY DEFENDANTS.

**304.** Defendants Under the Color of State Law Deprived/Stripped the Plaintiff of His Clearly Established/Guaranteed *Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15; Alabama State Common Law; Alabama Injury Law; Alabama Article I Thru V (Uniform Residential Landlord and Tenant Act); Alabama Title 24, Chapter 8 (Alabama State Housing Acts).*

Case #:

# COUNT(S)/CLAIM(S).

305. Plaintiff Believes the Material Allegations, Material Facts, Material Evidence and Truths Surrounding Defendants' Unlawful and Unauthorized Actions, Perpetrated on the Plaintiff by Defendants, and Allege/Asserts Herein, as if Restated, the Following Count(s)/Claim(s):

## COUNT/CLAIM #: 1 – UNLAWFUL SEARCHES, SEIZURES, BURGLARIZATION THEFT AND CONVERTION/MISAPPROPRIATION OF PLAINTIFF'S PERSONAL & BUSINESS PROPERTIES UNDER COLOR OF STATE LAW

306. **Material Facts Alleged:** Defendants Unlawfully Searched, Seized, Burglarized Stole and Converted/Misappropriated Plaintiff's Personal and Business Properties.

307. **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 4th, 5th,6th & 14th Amendments of the U.S. Constitution and State Declaration of Right, and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15.Wherefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to the Plaintiff.*

## COUNT/CLAIM #: 2 – CONSPIRACY TO VIOLATE PLAINTIFF'S RIGHTS UNDER COLOR OF STATE LAW

308. **Material Facts Alleged:** Defendants Conspired to Unlawful Violate Plaintiff's Rights.

309. **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of 18 U.S.C. §§ 241; 18 U.S.C. 371; and 42 U.S.C § 1985. Wherefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to the Plaintiff.*

Case #:

## COUNT/CLAIM #: 3 – FALSE ARREST UNDER COLOR OF STATE LAW

310. **Material Facts Alleged:** Defendants Unlawfully Arrested the Plaintiff.

311. **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 4th, 5th,6th & 14th Amendments of the U.S. Constitution and State Declaration of Right, and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15. Wherefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to the Plaintiff.*

## COUNT/CLAIM #: 4 – UNLAWFUL DETENTION UNDER COLOR OF STATE LAW

312. **Material Facts Alleged:** Defendants Unlawful Detained the Plaintiff.

313. **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 4th, 5th,6th & 14th Amendments of the U.S. Constitution and State Declaration of Right, and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15. Wherefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to the Plaintiff.*

## COUNT/CLAIM #: 5 – MALICIOUS PROSECUTION UNDER COLOR OF STATE LAW

314. **Material Facts Alleged:** Defendants Maliciously Prosecuted the Plaintiff.

315. **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 4th, 5th,6th & 14th Amendments of the U.S. Constitution and State Declaration of Right, and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15. Wherefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to the Plaintiff.*

Case #:

## COUNT/CLAIM #: 6 – UNLAWFUL INTERFERENCE & BREACH OF CONTRACT UNDER COLOR OF STATE LAW

316.  **Material Facts Alleged:** Defendants Conspired to Unlawful Violate Plaintiff's Rights.

317.  **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of 4th, 5th, 6th & 14th Amendments of the U.S. Constitution Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15; Alabama State Common Law; Alabama Injury Law; Alabama Article I Thru V (Uniform Residential Landlord and Tenant Act); Alabama Title 24, Chapter 8 (Alabama State Housing Acts); Statutes of Frauds; U.C.C. Article 2;* 18 U.S.C. §§ 241; 18 U.S.C. 371; 18 U.S.C. 1341; 18 U.S.C. 1343; 18 U.S.C. § 2701, et seq; 39 U.S.C. § 3623; 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 42 U.S.C. § 2000e;  42 U.S.C. § 12101 et seq.; 42 U.S.C. § 242m; Pub. Law No. 104-191 §§ 262, 264; 45 C.F.R. §§ 160-164; and 42 U.S.C 5851. *Wherefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to the Plaintiff.*

## COUNT/CLAIM #: 7 – VIOLATION OF PLAINTIFF'S PRIVACY RIGHTS UNDER COLOR OF STATE LAW

318.  **Material Facts Alleged:** Defendants Violated Plaintiff's Privacy Rights.

319.  **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of 18 U.S.C. § 2701, et seq; 39 U.S.C. § 3623; 42 U.S.C. § 2000e; 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 4th, 5th,6th & 14th Amendments of the U.S. Constitution and State Declaration of Right, and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15.Wherefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to the Plaintiff.*

Case #:

## COUNT/CLAIM #: 8 – DEFENDANTS' UNLAWFUL USE OF THE INTERNET, MAIL AND WIRE TO PERPRTRATE FRAUD & USURY ON THE UNSUSPECTING PLAINTIFF

320. **Material Facts Alleged:** Defendants Unlawful Utilized the Internet, Mail and Wire to Perpetrate Fraud on the Plaintiff.

321. **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of 4th, 5th, 6th & 14th Amendments of the U.S. Constitution Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15; Alabama State Common Law; Alabama Injury Law; Alabama Article I Thru V (Uniform Residential Landlord and Tenant Act); Alabama Title 24, Chapter 8 (Alabama State Housing Acts); Statutes of Frauds; U.C.C. Article 2;* **18 U.S.C. §§ 241;** *18 U.S.C. 371; 18 U.S.C. 1341; and 18 U.S.C. 1343.*

## COUNT/CLAIM #: 9 – DEFENDANTS PROFFERED KNOWN FALSE, MALICIOUS, PERJURED & FABRICATED/MANUFACTURED CRIMINAL CHARGE(S) ON INNOCENT & LAW ABIDING PLAINTIFF UNDER COLOR OF STATE LAW

322. **Material Facts Alleged:** Defendants Willfully and Knowingly Proffered Known False, Perjured Malicious and Fabricated/Manufactured "Pretend Criminal Charge" Against the Innocent and Law Abiding Plaintiff in Malicious Efforts to Cause Harm/Injury to the Plaintiff (i.e. Unlawful Incarceration).

323. **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 4th, 5th, 6th & 14th Amendments of the U.S. Constitution and State Declaration of Right, and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15. Wherefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to the Plaintiff.*

Case #:

## COUNT/CLAIM #: 10 – DEFENDANTS' FAILURE/REFUSAL TO PROTECT/INTERCEDE AND STOP VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER COLOR OF STATE LAW

324. **Material Facts Alleged:** Defendants Failed/Refused to Protect/Intercede During the Violation of Plaintiff's Civil Rights.

325. **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of the Due Process and Equal Protection Clause of the 14th Amendment to the Constitution of the United States; Title VI of the Civil Rights Act of 1964; 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 4th, 5th, 6th & 14th Amendments of the U.S. Constitution and State Declaration of Right, and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15. Wherefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to the Plaintiff.*

## COUNT/CLAIM #: 11 – DEFENDANTS' NEGLIGENT/INTENTIONAL ADMINSTRATIVE FAILURE TO TRAIN/DISCIPLINE/SUPERVISE UNDER COLOR OF STATE LAW

326. **Material Facts Alleged:** Defendants Demonstrated a Custom of Negligent/Intentional Administrative Failure to Train/Discipline/Supervise.

327. **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 4th, 5th, 6th & 14th Amendments of the U.S. Constitution and State Declaration of Right, and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15. Wherefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to the Plaintiff.*

Case #:

## COUNT/CLAIM #: 12 – DEFENDANTS' NEGLIGENCE UNDER COLOR OF STATE LAW

328. **Material Facts Alleged:** Defendants Negligently Violated Plaintiff's Civil Rights.

329. **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 4th, 5th, 6th & 14th Amendments of the U.S. Constitution and State Declaration of Right, and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15. Wherefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to the Plaintiff.*

## COUNT/CLAIM #: 13 – DEFENDANTS' INFLICTION OF EMOTIONAL & MENTAL DISTRESS ON THE PLAINTIFF UNDER COLOR OF STATE LAW

330. **Material Facts Alleged:** Defendants Unlawfully, Willfully and Maliciously Inflicted Emotional and Mental Distress on the Innocent and Law Abiding Plaintiff.

331. **In So Doing, Defendants Violated the following Statutes/Laws:** *Provisions of Title VII Civil Rights Act of 1964; 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 4th, 5th, 6th & 14th Amendments of the U.S. Constitution and State Declaration of Right, and Alabama Declaration of Rights, Article 1, Sections 7, 8, 9 and 15; and* **42 USC 5851.** *Wherefore, Defendants are Vicariously ("qui facit per alium facit per se") Liable to the Plaintiff.*

**Case #:**

# REQUEST FOR RELIEF

In Consideration of the Litany of Defendants' Indifference to the "Rule of Law"; Willful and Gross Violations of Federal and Alabama State Laws, Statutes and Public Policies; Supporting Material Facts; Supporting Material Evidence; Relevant Supporting Intervening and Controlling Authorities/Laws, Plaintiff Humbly Petitions this Honorable Court to Issue a Declaratory and Injunctive Order Directing Defendants to:

a. Cease and Desist from Any and All Unlawful, Willful, Extreme, Outrageous, Malicious, Reckless, Malevolent and Self-Defeating Actions, and Deliberate/Unruly/Rascal Indifference to the "Rule of Law", as Delineated Above.

b. Declare the Unlawful Actions of the Defendants Alleged and Delineated above as Violations, Deprivation and Stripping of the Plaintiff's Clearly Established Federal and Alabama State Rights, as Factually Alleged in this Complaint.

c. Enter a Permanent Injunction Directing Defendants to take Affirmative Steps Necessary to Prevent Recurrence of the Above Alleged Unlawful Actions, and Provide the Proof of Such Corrective/Preemptive Measures and Compliance, to this Honorable Court and the Plaintiff.

d. Award Plaintiff Compensatory Damages; Statutory Damages; Punitive Damages; Attorney's Fees; Cost of Action; Interest, and any other Damages/Relief in the Amount of $30.5Million Dollars Against Defendants Shelby County, et al for Unlawful Searches, Seizures, Theft, Conversion/Misappropriation and Compromise of *Plaintiff's Intellectual Properties, Inventions, Drawings, Technical Manuals, Tax Records, Personal and Plaintiff's Family Identification Records and Photos; Voter's Registration Card; Plaintiff's 1TB Western Digital Hard Drive and Recording/Storage Media (Translucent 32GB, and 16GB Flash Media, and 2 - 8GB USB Media) and Other Private Informations from Plaintiff's Home-Office, Unlawful Arrest, Detention, Malicious Prosecution and Other Harm/Injuries Sustained by the Plaintiff to Date.*

**Case #:**

e.   Award Plaintiff Compensatory Damages; Statutory Damages; Punitive Damages; Attorney's Fees; Cost of Action; Interest, and any other Damages/Relief in the Amount of $5.8Million Dollars Against Defendants Madison As Shoal Run, LLC, et al and Engle Realty Company, Inc., et al for Unlawful Searches, Seizures, Theft, Conversion/Misappropriation and Filing Know False, Malicious, Malevolent Termination/Eviction Notice and Law Suit, Conspiring with Shelby County, et al to Unlawfully Evict Plaintiff, Giving Access to Shelby County, et al to Unlawfully Search, Seize, Steal, Convert/Misappropriate and Compromise *Plaintiff's Intellectual Properties, Inventions, Drawings, Technical Manuals, Tax Records, Personal and Plaintiff's Family Identification Records and Photos; Voter's Registration Card; Plaintiff's 1TB Western Digital Hard Drive and Recording/Storage Media (Translucent 32GB, and 16GB Flash Media, and 2 - 8GB USB Media) and Other Private Information from Plaintiff's Home-Office, Breach of Contract, Perpetrating Fraud and Usury on the Unsuspecting Plaintiff and Other Harm/Injuries Sustained by the Plaintiff to Date, All Without a Lawful Warrant.*

f.   Award Plaintiff Any Other Relief as this Honorable Court Deems Just and Proper, Pursuant with Federal and Alabama State Statutes and Laws.

Respectfully Submitted,

*Kess Tani*
P.O. 383172,
Birmingham, AL 35238
PH: (240) 880-8673
E-Mail: kess.tani@yahoo.com

### *ENCLOSURES*

   ❑   Civil Rights Violation Complaint.
   ❑   Affidavit in Support of Civil Rights Violation Complaint.
   ❑   Plaintiff Exhibits/Supporting Evidence 1 To 8.
   ❑   Summons & Complaint Cover Form(s), U.S. Marshal Form USM 285.

**Case #:**

**PS:  PLAINTIFF HEREBY HUMBLY INVITES THE DEFENDANTS TO AMICABLY
SETTLE OUT OF COURT IN "GOOD FAITH", IF THEY ARE SO INCLINED.**

**AFFIDAVIT IN SUPPORT CIVIL RIGHTS VIOLATION COMPLAINT**

I, Kess Tani, Plaintiff, of Legal Age and Mentally, Emotionally and Physically Competent, and Sound of Mind, Do Hereby, On or About May 4th, 2011, State Under the Penalty of Perjury, that the Foregoing Proceedings is True and Correct to the Best of My Knowledge, and that on this Date, I Filed These Proceeding/Complaint on Defendants Shelby County, et al; Madison At Shoal Run, LLC, et al; and Engel Realty Company, Inc., et al, and With the Clerk of the Court For Processing and Filing.

Kess Tani:  _K. Tani_                         Date:  _05-04-2011_

**CERTIFICATE OF SERVICE**

**LAST KNOWN ADDRESS OF DEFENDANTS' RESIDENT
AGENT(S)/ATTORNEYS/OFFICER(S) OF RECORD**

| Defendants – Shelby County, et al | Defendants – Engel, Inc., et al |
|---|---|
| C/O Alex Dudchock – Shelby County Manager | Defendants – Madison At Shoal Run, LLC, et al |
| P.O. Box 467, | C/O William A. Butler – Resident Agent |
| 200 West College Street, | 951 S. 18th, Street, Suite 200 |
| Columbiana, Alabama 35051 | Birmingham, Alabama 35205 |
| PH: (205) 670-6500 | PH: |
| E-Mail: | E-Mail: |

**Case #:**

***PLAINTIFF'S EXHIBIT 1***

***Evidentiary Support of Defendants Shelby County, et al's Unlawful, Defective, Known False, Perjured and Malicious "Pretend Criminal" Complaint, that was Utilized in Turn to Secure an Unlawful, Defective, Known False, Perjured and Malicious "Pretend Criminal Charge" Warrant.***

```
ALABAMA JUDICIAL INFORMATION SYSTEM

          IN THE DISTRICT COURT OF SHELBY COUNTY * * *

AGENCY NUMBER: 201101543          WARRANT NUMBER: WR 2011 000772.00
                                  OTHER CASE NBR:

                        C O M P L A I N T

BEFORE ME THE UNDERSIGNED JUDGE/CLERK/MAGISTRATE OF THE DISTRICT  COURT OF
SHELBY COUNTY, ALABAMA, PERSONALLY APPEARED    FORREST JOSH INV
WHO BEING DULY SWORN DEPOSES AND SAYS THAT HE/SHE HAS PROBABLE CAUSE FOR
BELIEVING, AND DOES BELIEVE THAT     TANI O KESS             DEFENDANT,
WHOSE NAME IS OTHERWISE UNKNOWN TO THE COMPLAINANT, DID WITHIN THE ABOVE
NAMED COUNTY AND

DID ON OR ABOUT __2/24/2011_____, WITH INTENT TO HARASS OR ALARM ANOTHER
PERSON, TO-WIT: ___INV. JOSH FORREST_____, THE FOLLOWING:
XXX COMMUNICATE WITH THE SAID INV. FORREST_____, ANONYMOUSLY OR OTHERWISE
BY TELEPHONE _____ IN A MANNER LIKELY TO HARASS OR CAUSE ALARM, OR
( ) MAKE A TELEPHONE CALL TO THE SAID _____, WITH NO
    PURPOSE OF LEGITIMATE COMMUNICATION, OR
( ) TELEPHONE _____, AND ADDRESS TO OR
    ABOUT HIM/HER LEWD OR OBSCENE LANGUAGE, TO-WIT: _____
          (STATE LANGUAGE)
IN VIOLATION OF 13A-011-008(B)_____ OF THE CODE OF ALABAMA,
AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA.


                              _____
                              COMPLAINANT'S SIGNATURE








SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 24 DAY OF FEBRUARY, 2011.


_____
JUDGE/CLERK/MAGISTRATE OF DISTRICT  COURT

CHARGES: HARASSING COMMUNICAT 13A-011-008(B)          M  MISDEMEANOR

WITNESS FOR THE STATE

FORREST JOSH INV/SCSO//00000




_____
OPERATOR: SRC    DATE: 02/24/2011
```

Case #:

### PLAINTIFF'S EXHIBIT 2

*Evidentiary Support of Defendants Shelby County, et al's Unlawful, Defective, Known False, Perjured and Malicious "Pretend Criminal Charge" Warrant*

```
---------------------------------------------------------------------
|                          W A R R A N T                            |
| STATE OF ALABAMA            SHELBY COUNTY          DISTRICT COURT  |
| AGENCY NUMBER: 201101543         WARRANT NUMBER: WR 2011 000772.00 |
|                                  OTHER CASE NBR:                   |
| TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:       DX11-591      |
| YOU ARE HEREBY COMMANDED TO ARREST    TANI O KESS   AND BRING      |
| HIM/HER BEFORE THE DISTRICT  COURT OF SHELBY COUNTY TO ANSWER THE STATE |
| OF ALABAMA ON A CHARGE(S) OF:                                      |
|                  HARASSING COMMUNICAT  CLASS: C  TYPE: M  COUNTS: 001 |
| AND HAVE YOU THEN AND THERE THIS WRIT WITH YOUR RETURN  THEREON.   |
| YOU WILL RECEIVE UNTO YOUR CUSTODY AND DETAIN HIM/HER UNTIL THE    |
| _____ DAY OF _____, OR UNTIL LEGALLY DISCHARGED.         |
| DATED THIS 24 DAY OF FEBRUARY, 2011.                              |
| BOND SET AT: (1)        $300.00  BOND TYPE:                        |
|              (2)                                                   |
|              (3)                                                   |
|                                                                   |
| JUDGE/CLERK/MAGISTRATE OF DISTRICT  COURT                          |
---------------------------------------------------------------------
| CHARGES: HARASSING COMMUNICAT  13A-011-008(B)       M  MISDEMEANOR |
---------------------------------------------------------------------
| NAME: TANI O KESS                     ALIAS:                       |
| ADDRESS: 812 SHOAL RUN TRAIL          ALIAS:                       |
| ADDRESS:                                                           |
| CITY: BIRMINGHAM          STATE: AL   ZIP: 35242 0000              |
|                                       PHONE: 000 000 0000 EXT: 000 |
|                                                                   |
| EMPLOYMENT:                                                        |
| DOB: 01/01/1963   RACE: B   SEX: M    HAIR: BRO                    |
| EYE: BRO  HEIGHT: 5'06"    WEIGHT: 170                             |
| SID: 000000000  SSN:       DL NUM:                                 |
---------------------------------------------------------------------
|                         E X E C U T I O N                          |
|     EXECUTED THE WITHIN WARRANT BY ARRESTING THE DEFENDANT AND     |
|     (X)  PLACING DEFENDANT IN THE SHELBY COUNTY JAIL               |
|     ( )  RELEASING DEFENDANT ON APPEARANCE BOND                    |
|                                                                   |
|  _____                     |
|                                                                   |
|  THIS _____ DAY OF _____  2011                           |
|                                                                   |
|                     SHERIFF                                        |
|                                                                   |
|                     BY                                             |
---------------------------------------------------------------------
| COMPLAINANT:  FORREST JOSH INV                                     |
|               SCSO                                                 |
|                     00000                                          |
|                                                                   |
| OPERATOR: SRC         DATE: 02/24/2011                             |
---------------------------------------------------------------------
```

## Case #:

### *PLAINTIFF'S EXHIBIT 3*

*Evidentiary Support of Plaintiff's Complaint to Defendants Shelby County, et al About Unlawful Searches & Seizure, Burglary, Theft,  Conversion/Misappropriation of Plaintiff's Properties, and Defendants' Response to Plaintiff's Complaint*

Shelby County Sheriff's Office

Chris Curry, Sheriff

**Shelby County Sheriff's Office**
**P. O. Box 1095**
**Columbina, Al 35051**

**Date Printed:**   March 2, 2011

www.shelbyso.com

**TO: TANI KESS**
      **812 SHOAL RUN TR**
      **BIRMINGHAM, AL 35242**

Date: March 2, 2011

**RE:** OFFENSE REPORT CCMPLAINT #:   291101687

Dear: Tani Kess:

This letter is to notify you that your recent report of BURGLARY 3RD/RESIDENCE NO FORCE  has been received by the Criminal Investigations Division.  After a careful review of the preliminary report, your case is being assigned to Investigator O'connor.

Investigator O'connor will be in contact with you as soon as possible, but if you have any questions or additional information in reference to your case; please do not hesitate to call the Criminal Investigations Division at 205-670-6156.  Please be assured it is our desire to serve the people of Shelby County with the most effective law enforcement services possible.

Sincerely,

Capt. Mike Smithernpan
Criminal Investigations Division Commander

Shelby County Sheriff's Office
P.O. Box 1095 / 380 McDow Drive
Columbiana, Alabama 35051
205-669-4181

# Case #:

## *PLAINTIFF'S EXHIBIT 4*

*Evidentiary Support of Defendants Madison At Shoal Run, LLC et al; and Engel Realty Company, Inc., et al's Conspiracy with Defendants Shelby County, et al to Justify Unlawful Termination/Eviction Notice, and Unlawfully Arresting, Detaining and Maliciously Prosecuting the Plaintiff*

February 28, 2011

**Kess Tani**
**812 Shoal Run Trail**
**Birmingham, Alabama 35242**

### TERMINATION OF LEASE NOTIFICATION

You are in default of your lease of the above premises now being occupied by you due to your disturbing the peaceful enjoyment of other tenants. Upon information and belief, these acts include,

**Arrest for harassing communications on February 28, 2011.**

**Seven incidents with Shelby County Sheriff's Office resulting in deputies dispatched to location since January 26, 2011.**

You are therefore notified that you are in Non Compliance with your lease Agreement under the following provision:

7. Possession
    As the leased premises are in an apartment building or complex with many apartments and as the occupancy of one tenant might interfere with the leasing or enjoyment of other apartments, therefore, without reflection upon the Tenant, it is agreed and understood that in the event that the Tenant, or other person on the leased premises with the Tenant's consent, shall, in the reasonable judgment of the Lessor, such judgment to be conclusive, conduct themselves in a manner that disturbs the peaceful enjoyment of other apartments by other tenants, then the Lessor will consider such conduct a material noncompliance of the lease agreement and the Lessor may deliver written notice to terminate this Lease, as provided by Alabama Law.

Your lease will terminate at the expiration of fourteen (14) days from the date on this notice

If your lease terminates pursuant to this notice, demand is hereby made upon you to vacate and surrender the premises at the expiration of fourteen (14) days from the date on this notice.

LANDLORD
ENGEL REALTY COMPANY, AGENT FOR
The Madison at Shoal Run
By
    Tiffany Slivinski

Executed by leaving a copy upon the premises on the _____ day _____, 2011

_____
Process Server

Sworn to and subscribed before me this the _____ day of _____, 2011.

_____
Notary Public
My Commission Expires: _____

**Case #:**

*PLAINTIFF'S EXHIBIT 5*

*Evidentiary Support of Defendants Shelby County, et al's Overt Unlawful Actions in Furtherance/Continuation of the Instant Conspiracy, By Unlawfully Arresting, Detaining and Maliciously Prosecuting the Plaintiff*

**STATE OF ALABAMA**

**Shelby County**

TO:

CIRCUIT CLERK
SHELBY COUNTY

COURT CASE NO. DCII 591

| NAME OF PRISONER | DATE OF CONFINEMENT | CHARGES |
|---|---|---|
| Kess, Tani | 2.24.11 | Harassing Communications |

I, CHRIS CURRY, SHERIFF OF SHELBY COUNTY, ALABAMA do hereby certify that the above listed person was confined in the Shelby County Jail for the offense indicated above,

THIS THE ___24th___ DAY OF ___February___ , 20_11_.

RECEIVED AND FILED
MARY H. HARRIS

FEB 25 2011

CIRCUIT COURT
COURT CLERK
SHELBY CO

Chris Curry
SHERIFF

by _____

# Case #:

## *PLAINTIFF'S EXHIBIT 6*

*Evidentiary Support of Defendants Madison At Shoal Run, LLC et al; and Engel Realty Company, Inc., et al's Willful, Known False, Misleading, Perjured, Malicious Complaint to the Alabama District Court For Shelby County, in an Overt Action in Furtherance/Continuation of the Instant Conspiracy*

| State of Alabama<br>Unified Judicial System<br>Form C-59 (front)  Rev. 08/10 | **STATEMENT OF CLAIM**<br>**EVICTION/UNLAWFUL DETAINER**<br>Sections 35-9A-101, et seq., Code of Alabama 1975 | Cas...<br>DV-2011-900198.00 | **ELECTRONICALLY FILED**<br>3/15/2011 1:04 PM<br>·DV-2011-900198.00·<br>**CIRCUIT COURT OF**<br>**SHELBY COUNTY, ALABAMA**<br>**MARY HARRIS, CLERK** |
|---|---|---|---|

IN THE DISTRICT COURT OF ____ **SHELBY** ____COUNTY, ALABAMA

| Plaintiff's<br>Address | Defendant's<br>Address |
|---|---|
| ENGEL REALTY COMPANY, LLC, FOR THE MADISON<br>C/O J. CHRISTOPHER SMITH<br>501 RIVERCHASE PARKWAY EAST, SUITE 100<br>HOOVER, AL 35244 | KESS TANI<br>812 SHOAL RUN TRAIL<br>BIRMINGHAM, AL 35242 |

Plaintiff's Attorney's
Address

JAMES CHRISTOPHER SMITH
501 Riverchase Parkway East, Suite 100

Hoover, AL 35244

### COMPLAINT

1. Plaintiff(s) demands the right to possession from the defendant(s) of the following described residential, commercial or real property located at:
812 SHOAL RUN TRAIL BIRMINGHAM, AL 35242

THE MADISON AT SHOAL RUN 4941-830

2. Defendant(s) no longer has the right to possession because:

non-compliance with lease agreement, provision 7, whereby Defendant disturbed the peaceful enjoyment of other tenants and was arrested for harassing communications on or about February 28, 2011, and had seven incidents with Shelby County Sheriff's Office since January 2, 2011.

3. Defendant(s) right of possession has been lawfully terminated by written notice.

4. Plaintiff also claims the sum of $ ____875____ plus court costs from the Defendant(s) consisting of: unpaid rent and late charges, plus attorney's fees (if applicable) and other charges.

5. Plaintiff(s) also claims future rent and late charges, plus attorney's fees (if applicable) and other charges accruing through the date Plaintiff(s) obtains possession of the above described property.

CLERK'S ADDRESS:

MARY HARRIS                                         /s/ JAMES CHRISTOPHER SMITH
POST OFFICE BOX 1810                               Plaintiff or Plaintiff's Attorney (Signature)
112 NORTH MAIN STREET                              Attorney Code __SMI234__
COLUMBIANA, AL 35051

                                                  (205) 716-3000
Clerk's Phone No. 205-669-3760                     Plaintiff or Plaintiff's Attorney's Phone Number

### NOTICE TO DEFENDANT(S) - READ CAREFULLY

This unlawful detainer complaint must be answered by you within seven (7) days after these papers were either served or posted at the leased premises as provided by law. Your answer must be received by the Court Clerk at the above address within the above seven (7) days. A copy of the answer must be sent to the Plaintiff(s) or Plaintiff(s)' Attorney at the above address. If you file an answer, a notice of trial will be mailed to you; otherwise, an unlawful detainer judgment may be entered against you. If you were personally served and fail to file an answer within fourteen (14) days from the date of service, a money judgment may be entered against you.

| Court Record (ORIGINAL) | Plaintiff (COPY) | Defendant (COPY) |
|---|---|---|

Case #:

**PLAINTIFF'S EXHIBIT 7**

**Evidentiary Support of Defendants Shelby County, et al's Malicious Prosecution of the Innocent and Law Abiding Plaintiff**



**ROBERT E. OWENS, JR.**
DISTRICT ATTORNEY

P.O. BOX 706
SHELBY COUNTY COURTHOUSE
COLUMBIANA, AL 35051
PHONE: (205) 669-3750

EIGHTEENTH JUDICIAL CIRCUIT
SHELBY COUNTY

DATE: _3_ / _l6_ /2011

RE: State of Alabama v. _Tani Kess_ ; _DC 11-591_

**DISCOVERY:**

[X] Enclosed are the discoverable materials in our file at this time. Should any additional discoverable materials come to light, I will forward them to you in a timely manner.

[ ] Enclosed are additional discoverable materials that I have received as a part of this/these case(s) to supplement the discoverable materials previously given in this/these case(s).

[ ] Discovery has been previously provided and as of this date no additional discoverable materials have come to light.

**OFFER OF SETTLEMENT:**

[X] Plea to:

_Harassing Communications_ ;

~~Sentence of___ V___ months to be [ ] served OR; [ ] split with___ months to serve in [ ] SCCF [ ] jail/penitentiary and the balance to be suspended on___ years of supervised probation OR; [ ] to be suspended on___ years of supervised probation. [ ] Payment of restitution in all cases; [ ] Substance abuse assessment and treatment; [ ] Mental health assessment and treatment; [ ] Anger management classes/treatment; [ ] No contact with the victim(s), their family or property;~~ [X] Payment of a fine in the amount of $ _50.00_; [ ] _____ ;
Payment of costs and fees. All cases to run concurrently with each other. Any remaining charges to be dismissed at sentencing.

~~THE ABOVE OFFER OF SETTLEMENT SHALL EXPIRE AT 4:30 P.M. ON THE DATE OF THE [ ] PRELIMINARY HEARING; [ ] PRETRIAL HEARING; [ ] TWO WEEKS PRIOR TO TRIAL.~~

I look forward to seeing you on the April trial date and/or hearing from you before then.

Sincerely,

Doug Smith
Assistant District Attorney

Case #:

## PLAINTIFF'S EXHIBIT 8

*Evidentiary Support of Defendants Madison At Shoal Run, LLC et al; and Engel Realty Company, Inc., et al's Willful, Unlawful and Malicious Use of the Internet, Mail and Wire to Perpetrate Fraud & Usury on the Plaintiff, and Collecting Monies Not Owed Nor Expressly Permitted By Law*



December 14, 2010

Kess Tani
812 Shoal Run Trail
Birmingham, Alabama 35242

**BALANCE DUE REQUEST FOR PAYMENT**

Dear Kess:

**Our records indicate that you have a past due balance of $56.40.** Please pay this balance as soon as possible.

If you have any questions or concerns, please contact our office.

Thank you,

Tiffany Barecki
Community Manager

*850 Shoal Run Trail Birmingham, Alabama 35242***205-991-0200***fax 205-991-0259***
www.madisonapartmenthomes.com*

## Case #:

### *PLAINTIFF'S EXHIBIT 8, CONT'D*

### *Evidentiary Support of Defendants Madison At Shoal Run, LLC et al; and Engel Realty Company, Inc., et al's Willful, Unlawful and Malicious Use of the Internet, Mail and Wire to Perpetrate Fraud & Usury on the Plaintiff, and Collecting Monies Not Owed Nor Expressly Permitted By Law*

**GENTLE, TURNER & SEXTON**
ATTORNEYS AND COUNSELLORS AT LAW
SUITE 100 - 501 RIVERCHASE PARKWAY EAST
HOOVER, ALABAMA 35244

<table>
<tr><td>
EDGAR C. GENTLE, III<br>
TERRY D. TURNER, JR.*<br>
K. EDWARD SEXTON, II<br>
DIANDRA S. DEBROSSE<br>
KATHERINE A. HARRISON<br>
M. BRANDON WALKER<br>
J. CHRISTOPHER SMITH<br>
PAIGE E. OSBORN<br>
ROBERT E. HAWTHORNE, III<br>
MICHAEL JACKS**
</td><td>
TELEPHONE (205) 716-3000<br>
TELECOPIER (205) 716-3010<br><br>
*ALSO ADMITTED IN FLORIDA<br>
**ADMITTED IN WEST VIRGINIA
</td></tr>
</table>

March 3, 2011

Mr. Kess Tani
PO Box 383172
Birmingham, AL 35238

**Re:    The Madison at Shoal Run, Apartment 812, Our File Number 4941-830**

Dear Mr. Tani:

I hope you are doing well. I write to you to follow-up my telephone message to you of March 1, 2011, as well as my email to you of the same day, following our telephone conversation on that day.

I have discussed your letter and our telephone conversation with my client, and they maintain that they have fulfilled their obligations under your lease and Alabama's Landlord Tenant Act. However, in an effort to resolve this matter amicably and without admitting any guilt on either party, my client is willing to accept your notice of termination of your lease and has authorized me to make the offer of settlement:

1.  My client will refund to you your security deposit.

2.  My client will pay you one (1) month of rent.

3.  My client will waive any additional charges and any outstanding balances, less and except any damages to the apartment. Any damages to the apartment caused by you will then be charged against the settlement amounts set out in #1 and #2. Thereafter, said funds, if any remaining, will be refunded to you at your forwarding address.

4.  Your lease will be terminated as of the date you surrender the keys and the premises, thereby vacating the property.

## Case #:

### *PLAINTIFF'S EXHIBIT 8, CONT'D*

*Evidentiary Support of Defendants Madison At Shoal Run, LLC et al; and Engel Realty Company, Inc., et al's Willful, Unlawful and Malicious Use of the Internet, Mail and Wire to Perpetrate Fraud & Usury on the Plaintiff, and Collecting Monies Not Owed Nor Expressly Permitted By Law (VIOLATION OF RICO LAWS FOR FRAUD & USURY ON THE TENANTS)*

Mr. Tani
Page Two (2)
March 3, 2011

5.    You will not be charged the balance of your lease.

6.    Both parties will sign a mutual release upon you surrendering the keys.

Please feel free to contact me should you have any questions.  Like you, I am hopeful that we can resolve this matter amicably.  Once a resolution is reached, I will be more than happy to draft a Mutual Release.

Sincerely,

J. Christopher Smith

/jcs

cc:    Tiffany Savincki, via email

**This Communication Is From A Debt Collector.**

## Case #:

### *PLAINTIFF'S EXHIBIT 8, CONT'D*

***Evidentiary Support of Defendants Madison At Shoal Run, LLC et al; and Engel Realty Company, Inc., et al's Willful, Unlawful and Malicious Use of the Internet, Mail and Wire to Perpetrate Fraud & Usury on the Plaintiff, and Collecting Monies Not Owed Nor Expressly Permitted By Law (VIOLATION OF RICO LAWS FOR FRAUD & USURY ON THE TENANTS)***



## Case #:

### *PLAINTIFF'S EXHIBIT 8, CONT'D*

### *Evidentiary Support of Defendants Madison At Shoal Run, LLC et al; and Engel Realty Company, Inc., et al's Willful, Unlawful and Malicious Use of the Internet, Mail and Wire to Perpetrate Fraud & Usury on the Plaintiff, and Collecting Monies Not Owed Nor Expressly Permitted By Law (VIOLATION OF RICO LAWS FOR FRAUD & USURY ON THE TENANTS)*

Engel Realty Company, LLC, for The Madison at Shoal Run v. Kess T...    http://us.mc455.mail.yahoo.com/mc/showMessage?sMid=0&filterBy...



**Engel Realty Company, LLC, for The Madison at Shoal Run v. Kess Tani** Friday, April 15, 2011 4:42 PM
**From:** "Chris Smith" <csmith@gtandslaw.com>
**To:** "Kess Tani" <kess.tani@yahoo.com>

Mr. Tani:

Good afternoon! After speaking with you yesterday, I relayed to my client your interest in settling this matter. To that end, and without admitting any liability, my client has authorized me to offer you $1,600.00 in full settlement of this matter. Of course, this would mean that we would enter into a Settlement Agreement, much like the original proposed Mutual Release, wherein all parties would agree to resolve all differences among them. This would extinguish any liability that each allegedly owes the other. We would also have to file a Joint Stipulation of Dismissal with Prejudice.

I do apologize for the late attempt to contact you. I have just received confirmation from my client of this proposed offer. I tried to reach you by telephone, but I could not get your number to dial. Please feel free to email me over the weekend to address this further. Otherwise, I will look forward to speaking with you or seeing you Monday.

Sincerely,

J. Christopher Smith                                   **This Communication Is From A Debt Collector.**
Attorney at Law
Gentle, Turner & Sexton
501 Riverchase Parkway East, Suite 100
Hoover, Alabama   35244
(205) 716-3000
(205) 716-3010 (facsimile)



**GENTLE • TURNER • SEXTON**
Attorneys & Counselors

IRS CIRCULAR 230 DISCLOSURE: Unless explicitly stated to the contrary, this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. Click here for more information.
CONFIDENTIALITY NOTE: This email and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this email in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation

## Case #:

### *PLAINTIFF'S EXHIBIT 8, CONT'D*

### *Evidentiary Support of Defendants Madison At Shoal Run, LLC et al; and Engel Realty Company, Inc., et al's Willful, Unlawful and Malicious Use of the Internet, Mail and Wire to Perpetrate Fraud & Usury on the Plaintiff, and Collecting Monies Not Owed Nor Expressly Permitted By Law (VIOLATION OF RICO LAWS FOR FRAUD & USURY ON THE TENANTS)*

| | |
|---|---|
| STATE OF ALABAMA | ) |
| COUNTY OF SHELBY | ) |

#### MUTUAL RELEASE

IN CONSIDERATION of the mutual covenant not to sue made by each party, namely Engel Realty Company, LLC, The Madison at Shoal Run, and Kess Tani, and in consideration of Sixteen Hundred Dollars ($1,600.00) paid to Kess Tani and in consideration of the surrender of Apartment 812 of The Madison at Shoal Run along with the keys to the same by Kess Tani to Engel Realty Company, LLC and The Madison at Shoal Run, each hereby release the other from all sum of money, accounts, actions, suits, proceedings, claims, and demands whatsoever which either of them at any time had or has up to this date against the other for or by reason or in respect of any act, cause, matter or thing whatsoever relating to, but not limited, to any claims for rent, damages, breach of contract, theft, fraud, misrepresentation, or any other claim relating to the use and occupancy of Apartment 812 of The Madison at Shoal Run and that lease dated _____

Each party hereby covenant and agree that they will keep the terms and amounts set forth in this Mutual Release and the facts of the Mutual Release completely confidential, and that they will not hereafter disclose any information concerning this Mutual Release to any person other than their present attorneys, accountants, tax advisors, or personal representatives so as to adhere to this provision. Upon inquiry, the parties may disclose that this matter was resolved to the parties' satisfaction. Each party also agrees not to voluntarily testify regarding any matter contained in or related to this Mutual Release, and if either are subpoenaed to testify regarding this Mutual Release, or any of the other matters referenced in this paragraph, or any other subject matter concerning any of the parties to this Mutual Release, each party will notify the other party in sufficient time for said parties to seek a protective order or otherwise defend their interest(s). Each party agrees not to disclose any of the facts pertaining to this Mutual Release to third parties (except to attorneys, tax preparers, religious leaders, psychiatrists, psychologists, or other mental health professionals). In the event a breach of this confidentiality provision occurs, the non-breaching party may seek to recover damages as well as injunctive relief from a court of law, and shall be entitled to reasonable attorneys' fees and costs associated with the enforcement of this provision and with litigation that arises out of the breach of this provision. It is understood and agreed that this settlement is the compromise of the above-aforementioned matter and that said release is intended to avoid litigation.

All parties declare and represent that no promise, inducement or agreement not herein expressed has been made to the undersigned and that this Release contains the entire agreement between the parties hereto, and that the terms of this Release are contractual and not a mere recital.

## Case #:

### *PLAINTIFF'S EXHIBIT 8, CONT'D*

*Evidentiary Support of Defendants Madison At Shoal Run, LLC et al; and Engel Realty Company, Inc., et al's Willful, Unlawful and Malicious Use of the Internet, Mail and Wire to Perpetrate Fraud & Usury on the Plaintiff, and Collecting Monies Not Owed Nor Expressly Permitted By Law (VIOLATION OF RICO LAWS FOR FRAUD & USURY ON THE TENANTS)*

THE UNDERSIGNED HAVE READ THE FOREGOING RELEASE AND FULLY UNDERSTAND IT.

Signed, in duplicate, on the _____ day of _____, 2011.

_____
Kess Tani

_____
J. Christopher Smith, as attorney for
Engel Realty Company, LLC and
The Madison at Shoal Run

STATE OF ALABAMA        )

SHELBY COUNTY           )

I, the undersigned authority in and for said County and State, do hereby certify that personally appeared before me, Kess Tani, whose name is signed to the foregoing Release and who is known to me, acknowledged before me on this day, that being informed of the contents of said Release, he executed the same voluntarily on the day the same bears date.

Given under my hand and official seal of office this _____ day of _____, 2011.

My Commission Expires: _____        _____
                                            Notary Public

STATE OF ALABAMA        )

SHELBY COUNTY           )

I, the undersigned authority in and for said County and State, do hereby certify that personally appeared before me, J. Christopher Smith of Gentle, Turner & Sexton, Attorneys of Law for Engel Realty Company, LLC and The Madison at Shoal Run, whose name is signed to the foregoing Release and who is known to me, acknowledged before me on this day, that being informed of the contents of said Release, he executed the same voluntarily and with full authority to do so on the day the same bears date.

Given under my hand and official seal of office this _____ day of _____, 2011.

My Commission Expires: _____        _____
                                            Notary Public