
FILED
2011 Jun-29  PM 04:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **KESIENA TANI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **2:11-CV-01479-RRA** |
| ) | |
| **SHELBY COUNTY, et al.,** ) | |
| **ENGEL REALTY COMPANY, INC,** ) | |
| **et al., MADISON AT SHOAL RUN,** ) | |
| **LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### DEFENDANT DEPUTY SHERIFF JOSH FORREST'S
### ANSWER TO PLAINTIFF'S COMPLAINT

**COMES NOW** the Defendant, **DEPUTY SHERIFF JOSH FORREST,**

and for answer to the Plaintiff's Complaint, states and shows as follows:

1.     No factual allegations are made in paragraph one of the Plaintiff's

Complaint; therefore no answer is required.

2.     No factual allegations are made in paragraph two of the Plaintiff's

Complaint; therefore no answer is required.

3.     No factual allegations are made in paragraph three of the Plaintiff's

Complaint; therefore no answer is required.

01582382.1/2103-0005

4.     No factual allegations are made in paragraph four of the Plaintiff's Complaint; therefore no answer is required.

5.     No factual allegations are made in paragraph five of the Plaintiff's Complaint; therefore no answer is required.

6.     No factual allegations are made in paragraph six of the Plaintiff's Complaint; therefore no answer is required.

7.     No factual allegations are made in paragraph seven of the Plaintiff's Complaint; therefore no answer is required.

8.     No factual allegations are made in paragraph eight of the Plaintiff's Complaint; therefore no answer is required.

9.     No factual allegations are made in paragraph nine of the Plaintiff's Complaint; therefore no answer is required.

10.    No factual allegations are made in paragraph ten of the Plaintiff's Complaint; therefore no answer is required.

11.    No factual allegations are made in paragraph eleven of the Plaintiff's Complaint; therefore no answer is required.

12.    No factual allegations are made in paragraph twelve of the Plaintiff's Complaint; therefore no answer is required.

01582382.1/2103-0005

13.    To the extent that this paragraph contains factual allegations and are intended to allege that said Defendant has liability to the Plaintiff, or the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

14.    To the extent that this paragraph contains factual allegations and are intended to allege that said Defendant has liability to the Plaintiff, or the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

15.    To the extent that this paragraph contains factual allegations and are intended to allege that said Defendant has liability to the Plaintiff, or the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

16.    To the extent that this paragraph contains factual allegations and are intended to allege that said Defendant has liability to the Plaintiff, or the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

17.    To the extent that this paragraph contains factual allegations and are intended to allege that said Defendant has liability to the Plaintiff, or the Plaintiff is

01582382.1/2103-0005

entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

18.    To the extent that this paragraph contains factual allegations and are intended to allege that said Defendant has liability to the Plaintiff, or the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

19.    To the extent that this paragraph contains factual allegations and are intended to allege that said Defendant has liability to the Plaintiff, or the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

20.    To the extent that this paragraph contains factual allegations and are intended to allege that said Defendant has liability to the Plaintiff, or the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

21.    To the extent that this paragraph contains factual allegations and are intended to allege that said Defendant has liability to the Plaintiff, or the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

22.    To the extent that this paragraph contains factual allegations and are intended to allege that said Defendant has liability to the Plaintiff, or the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

23.    To the extent that this paragraph contains factual allegations and are intended to allege that said Defendant has liability to the Plaintiff, or the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

24.    To the extent that this paragraph contains factual allegations and are intended to allege that said Defendant has liability to the Plaintiff, or the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

25.    To the extent that this paragraph contains factual allegations and are intended to allege that said Defendant has liability to the Plaintiff, or the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

26.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

27.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

28.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

29.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

30.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

31.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

32.    The allegations in paragraph 32 of the Plaintiff's Complaint are denied.

33.    For answer to paragraph 33 of the Plaintiff's Complaint the Defendant admits that the subject action was filed by the Plaintiff on May 4, 2011.  The remaining allegations contained in paragraph 33 of the Plaintiff's Complaint are denied.

34.    This Defendant admits that the court has jurisdiction of the Federal claims in this action but asserts that the court should decline supplemental jurisdiction of the Plaintiff's State law claims.

35.   This Defendant is without knowledge or information sufficient to either admit or deny the allegations of paragraph 35 of the Plaintiff's Complaint.

36.   This Defendant admits that Shelby County is a body corporate for and in the state of Alabama.

37.   This Defendant is without knowledge or information sufficient to either admit or deny the allegations of paragraph 37.

38.   This Defendant is without knowledge or information sufficient to either admit or deny the allegations of paragraph 38.

39.   This Defendant admits that the court has jurisdiction of this cause pursuant to 28 U.S.C. §1331 and 1343.

40.   To the extent the allegations in paragraph 40 of the Complaint are intended to allege that said Defendant has liability to the Plaintiff, or that Plaintiff is entitled to recovery for matters alleged in the Complaint, such allegation is denied.

41.   This Defendant admits that venue is proper in this action. The remaining allegations contained in paragraph 41 of the Plaintiff's Complaint are denied.

42.   This Defendant is without knowledge or information sufficient to either admit or deny the allegations of paragraph 42 of the Plaintiff's Complaint; therefore such allegations are denied.

43.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

44.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

45.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

46.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

47.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

48.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

49.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

50.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

51.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

52.     No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

53.     No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

54.     No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

55.     No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

56.     No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

57.     No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

58.     No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

59.     No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

60.     No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

01582382.1/2103-0005

61.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

62.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

63.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

64.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

65.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

66.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

67.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

68.    No factual allegations are made in this paragraph of the Plaintiff's Complaint; therefore no answer is required.

69.    This Defendant is without knowledge or information sufficient to either admit or deny the allegations of paragraph 69 of the Plaintiff's Complaint; therefore this allegation is denied.

01582382.1/2103-0005

70.    This Defendant is without knowledge or information sufficient to either admit or deny the allegations of paragraph 70 of the Plaintiff's Complaint; therefore this allegation is denied.

71.    This Defendant is without knowledge or information sufficient to either admit or deny the allegations of paragraph 71 of the Plaintiff's Complaint; therefore this allegation is denied.

72.    This Defendant is without knowledge or information sufficient to either admit or deny the allegations of paragraph 72 of the Plaintiff's Complaint; therefore this allegation is denied.

73.    This Defendant is without knowledge or information sufficient to either admit or deny the allegations of paragraph 73 of the Plaintiff's Complaint; therefore this allegation is denied.

74.    To the extent that this paragraph is an allegation against this Defendant or is intended to allege that this Defendant has liability to the Plaintiff or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint against this Defendant, such allegations are denied.

75.    To the extent that this paragraph is an allegation against this Defendant or is intended to allege that this Defendant has liability to the Plaintiff or that the

Plaintiff is entitled to recovery for the matters alleged in the Complaint against this Defendant, such allegations are denied.

76.    To the extent that this paragraph is an allegation against this Defendant or is intended to allege that this Defendant has liability to the Plaintiff or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint against this Defendant, such allegations are denied.

77.    To the extent that this paragraph is an allegation against this Defendant or is intended to allege that this Defendant has liability to the Plaintiff or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint against this Defendant, such allegations are denied.

78.    To the extent that this paragraph is an allegation against this Defendant or is intended to allege that this Defendant has liability to the Plaintiff or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint against this Defendant, such allegations are denied.

79.    The allegations of paragraph 79 of the Plaintiff's Complaint are denied.

80.    The allegations of paragraph 80 of the Plaintiff's Complaint are denied.

81.    The allegations of paragraph 81 of the Plaintiff's Complaint are denied.

82.     This Defendant is without knowledge or information sufficient to either admit or deny the allegations of paragraph 82 of the Plaintiff's Complaint; therefore, such allegations are denied.

83.     The allegations of paragraph 83 of the Plaintiff's Complaint are denied.

84.     The allegations of paragraph 84 of the Plaintiff's Complaint are denied.

85.     The allegations of paragraph 85 of the Plaintiff's Complaint are denied.

86.     The allegations of paragraph 86 of the Plaintiff's Complaint are denied.

87.     The allegations of paragraph 87 of the Plaintiff's Complaint are denied.

88.     This Defendant admits that the Plaintiff made a number of harassing calls to Shelby County Sheriff Chris Curry.  The remaining allegations of paragraph 88 are denied.

89.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 89 of the Plaintiff's Complaint; therefore this allegation is denied.

90.     This Defendant admits that the Plaintiff made a number of harassing telephone calls to the office of the Shelby County Sheriff Chris Curry.

91.     This Defendant admits that the Plaintiff made a number of harassing telephone calls to the office of the Shelby County Sheriff Chris Curry.   This

Defendant denies the remaining allegations contained within paragraph 91 of the Plaintiff's Complaint.

92.   This Defendant admits that on February 24, 2011 this Defendant arrested the Plaintiff pursuant to a warrant issued by the Magistrate of the District Court of Shelby County, Alabama on the charge of harassing communications. The remaining allegations of paragraph 92 are denied.

93.   The allegations contained within paragraph 93 of the Plaintiff's Complaint are denied.

94.   This Defendant admits that the Plaintiff submitted a report of a burglary of his residence to the Shelby County Sheriff's Office on February 28, 2011. The remaining allegations of paragraph 94 are denied.

95.   This Defendant is without knowledge or information sufficient to either admit or deny the allegations of paragraph 95 of the Plaintiff's Complaint; therefore such allegations are denied.

96.   This Defendant is without knowledge or information sufficient to either admit or deny the allegations of paragraph 96 of the Plaintiff's Complaint; therefore such allegations are denied.

97.   The allegations of paragraph 97 of the Plaintiff's Complaint are denied.

98.   The allegations of paragraph 98 of the Plaintiff's Complaint are denied.

99.   The allegations of paragraph 99 of the Plaintiff's Complaint are denied.

100.   The allegations of paragraph 100 of the Plaintiff's Complaint are denied.

101.   The allegations of paragraph 101 of the Plaintiff's Complaint are denied.

102.   The allegations of paragraph 102 of the Plaintiff's Complaint are denied.

103.   The allegations of paragraph 103 of the Plaintiff's Complaint are denied.

104.   The allegations of paragraph 104 of the Plaintiff's Complaint are denied.

105.   The allegations of paragraph 105 of the Plaintiff's Complaint are denied.

106.   The allegations of paragraph 106 of the Plaintiff's Complaint are denied.

107.   The allegations of paragraph 107 of the Plaintiff's Complaint are denied.

108.   The allegations of paragraph 108 of the Plaintiff's Complaint are denied.

109.   To the extent that the allegations in paragraph 109 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or the Plaintiff is entitled to recovery from matters alleged in the Complaint, such allegations are denied.

110.   The allegations of paragraph 110 of the Plaintiff's Complaint are denied.

111.   The allegations of paragraph 111 of the Plaintiff's Complaint are denied.

112.   The allegations of paragraph 112 of the Plaintiff's Complaint are denied.

113.   The allegations of paragraph 113 of the Plaintiff's Complaint are denied.

114.   The allegations of paragraph 114 of the Plaintiff's Complaint are denied.

115.    The allegations of paragraph 115 of the Plaintiff's Complaint are denied.

116.    The allegations of paragraph 116 of the Plaintiff's Complaint are denied.

117.    The allegations of paragraph 117 of the Plaintiff's Complaint are denied.

118.    The allegations of paragraph 118 of the Plaintiff's Complaint are denied.

119.    The allegations of paragraph 119 of the Plaintiff's Complaint are denied.

120.    The allegations of paragraph 120 of the Plaintiff's Complaint are denied.

121.    To the extent that allegations in paragraph 121 are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for matters alleged in the Complaint, such allegations are denied.

122.    The allegations of paragraph 122 of the Plaintiff's Complaint are denied.

123.    The allegations of paragraph 123 of the Plaintiff's Complaint are denied.

124.    The allegations of paragraph 124 of the Plaintiff's Complaint are denied.

125.    The allegations of paragraph 125 of the Plaintiff's Complaint are denied.

126.    The allegations of paragraph 126 of the Plaintiff's Complaint are denied.

127.    The allegations of paragraph 127 of the Plaintiff's Complaint are denied.

128.    The allegations of paragraph 128 of the Plaintiff's Complaint are denied.

129.    The allegations of paragraph 129 of the Plaintiff's Complaint are denied.

130.    To the extent that the allegations in paragraph 130 of the Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff

is entitled to recovery for matters alleged in the Complaint, such allegations are denied.

131.   The allegations of paragraph 131 of the Plaintiff's Complaint are denied.

132.   The allegations of paragraph 132 of the Plaintiff's Complaint are denied.

133.   The allegations of paragraph 133 of the Plaintiff's Complaint are denied.

134.   The allegations of paragraph 134 of the Plaintiff's Complaint are denied.

135.   The allegations of paragraph 135 of the Plaintiff's Complaint are denied.

136.   The allegations of paragraph 136 of the Plaintiff's Complaint are denied.

137.   The allegations of paragraph 137 of the Plaintiff's Complaint are denied.

138.   The allegations of paragraph 138 of the Plaintiff's Complaint are denied.

139.   The allegations of paragraph 139 of the Plaintiff's Complaint are denied.

140.   To the extent that the allegations in paragraph 140 of the Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

141.   The allegations of paragraph 141 of the Plaintiff's Complaint are denied.

142.   The allegations of paragraph 142 of the Plaintiff's Complaint are denied.

143.   The allegations of paragraph 143 of the Plaintiff's Complaint are denied.

144.   The allegations of paragraph 144 of the Plaintiff's Complaint are denied.

145.   The allegations of paragraph 145 of the Plaintiff's Complaint are denied.

146.   The allegations of paragraph 146 of the Plaintiff's Complaint are denied.

147.   The allegations of paragraph 147 of the Plaintiff's Complaint are denied.

148.   The allegations of paragraph 148 of the Plaintiff's Complaint are denied.

149.   The allegations of paragraph 149 of the Plaintiff's Complaint are denied.

150.   To the extent that the allegations in paragraph 150 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

151.   The allegations of paragraph 151 of the Plaintiff's Complaint are denied.

152.   The allegations of paragraph 152 of the Plaintiff's Complaint are denied.

153.   The allegations of paragraph 153 of the Plaintiff's Complaint are denied.

154.   The allegations of paragraph 154 of the Plaintiff's Complaint are denied.

155.   The allegations of paragraph 155 of the Plaintiff's Complaint are denied.

156.   The allegations of paragraph 156 of the Plaintiff's Complaint are denied.

157.   The allegations of paragraph 157 of the Plaintiff's Complaint are denied.

158.   The allegations of paragraph 158 of the Plaintiff's Complaint are denied.

159.   The allegations of paragraph 159 of the Plaintiff's Complaint are denied.

160.   The allegations of paragraph 160 of the Plaintiff's Complaint are denied.

161.   To the extent that the allegations in paragraph 161 of the Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

162.   The allegations of paragraph 162 of the Plaintiff's Complaint are denied.

163.   The allegations of paragraph 163 of the Plaintiff's Complaint are denied.

164.   The allegations of paragraph 164 of the Plaintiff's Complaint are denied.

165.   The allegations of paragraph 165 of the Plaintiff's Complaint are denied.

166.   The allegations of paragraph 166 of the Plaintiff's Complaint are denied.

167.   The allegations of paragraph 167 of the Plaintiff's Complaint are denied.

168.   The allegations of paragraph 168 of the Plaintiff's Complaint are denied.

169.   The allegations of paragraph 169 of the Plaintiff's Complaint are denied.

170.   The allegations of paragraph 170 of the Plaintiff's Complaint are denied.

171.   The allegations of paragraph 171 of the Plaintiff's Complaint are denied.

172.   The allegations of paragraph 172 of the Plaintiff's Complaint are denied.

173.   The allegations of paragraph 173 of the Plaintiff's Complaint are denied.

174.   To the extent that the allegations in paragraph 174 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or

that the Plaintiff is entitled to recovery for matters alleged in the Complaint, such allegations are denied.

175.    The allegations of paragraph 175 of the Plaintiff's Complaint are denied.

176.    The allegations of paragraph 176 of the Plaintiff's Complaint are denied.

177.    To the extent that the allegations in paragraph 177 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

178.    The allegations of paragraph 178 of the Plaintiff's Complaint are denied.

179.    The allegations of paragraph 179 of the Plaintiff's Complaint are denied.

180.    The allegations of paragraph 180 of the Plaintiff's Complaint are denied.

181.    The allegations of paragraph 181 of the Plaintiff's Complaint are denied.

182.    The allegations of paragraph 182 of the Plaintiff's Complaint are denied.

183.    The allegations of paragraph 183 of the Plaintiff's Complaint are denied.

184.    The allegations of paragraph 184 of the Plaintiff's Complaint are denied.

185.    The allegations of paragraph 185 of the Plaintiff's Complaint are denied.

186.    The allegations of paragraph 186 of the Plaintiff's Complaint are denied.

187.    The allegations of paragraph 187 of the Plaintiff's Complaint are denied.

188.    The allegations of paragraph 188 of the Plaintiff's Complaint are denied.

189.    The allegations of paragraph 189 of the Plaintiff's Complaint are denied.

190.    The allegations of paragraph 190 of the Plaintiff's Complaint are denied.

191.    To the extent that the allegations in paragraph 191 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

192.    The allegations of paragraph 192 of the Plaintiff's Complaint are denied.

193.    The allegations of paragraph 193 of the Plaintiff's Complaint are denied.

194.    The allegations of paragraph 194 of the Plaintiff's Complaint are denied.

195.    The allegations of paragraph 195 of the Plaintiff's Complaint are denied.

196.    The allegations of paragraph 196 of the Plaintiff's Complaint are denied.

197.    To the extent that the allegations in paragraph 197 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

198.    The allegations of paragraph 198 of the Plaintiff's Complaint are denied.

199.    The allegations of paragraph 199 of the Plaintiff's Complaint are denied.

200.    The allegations of paragraph 200 of the Plaintiff's Complaint are denied.

201.   To the extent that the allegations in paragraph 201 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

202.   The allegations of paragraph 202 of the Plaintiff's Complaint are denied.

203.   The allegations of paragraph 203 of the Plaintiff's Complaint are denied.

204.   The allegations of paragraph 204 of the Plaintiff's Complaint are denied.

205.   The allegations of paragraph 205 of the Plaintiff's Complaint are denied.

206.   The allegations of paragraph 206 of the Plaintiff's Complaint are denied.

207.   The allegations of paragraph 207 of the Plaintiff's Complaint are denied.

208.   The allegations of paragraph 208 of the Plaintiff's Complaint are denied.

209.   The allegations of paragraph 209 of the Plaintiff's Complaint are denied.

210.   The allegations of paragraph 210 of the Plaintiff's Complaint are denied.

211.   The allegations of paragraph 211 of the Plaintiff's Complaint are denied.

212.   The allegations of paragraph 212 of the Plaintiff's Complaint are denied.

213.   To the extent that the allegations in paragraph 213 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

214.    The allegations of paragraph 214 of the Plaintiff's Complaint are denied.

215.    The allegations of paragraph 215 of the Plaintiff's Complaint are denied.

216.    The allegations of paragraph 216 of the Plaintiff's Complaint are denied.

217.    The allegations of paragraph 217 of the Plaintiff's Complaint are denied.

218.    The allegations of paragraph 218 of the Plaintiff's Complaint are denied.

219.    The allegations of paragraph 219 of the Plaintiff's Complaint are denied.

220.    The allegations of paragraph 220 of the Plaintiff's Complaint are denied.

221.    The allegations of paragraph 221 of the Plaintiff's Complaint are denied.

222.    The allegations of paragraph 222 of the Plaintiff's Complaint are denied.

223.    The allegations of paragraph 223 of the Plaintiff's Complaint are denied.

224.    To the extent that the allegations in paragraph 224 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

225.    The allegations of paragraph 225 of the Plaintiff's Complaint are denied.

226.    The allegations of paragraph 226 of the Plaintiff's Complaint are denied.

227.    The allegations of paragraph 227 of the Plaintiff's Complaint are denied.

228.    The allegations of paragraph 228 of the Plaintiff's Complaint are denied.

229.    The allegations of paragraph 229 of the Plaintiff's Complaint are denied.

230.   To the extent that the allegations in paragraph 230 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

231.   To the extent that the allegations in paragraph 231 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

232.   To the extent that the allegations in paragraph 232 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

233.   To the extent that the allegations in paragraph 233 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

234.   The allegations of paragraph 234 of the Plaintiff's Complaint are denied.

235.   The allegations of paragraph 235 of the Plaintiff's Complaint are denied.

01582382.1/2103-0005

236.   To the extent that the allegations in paragraph 236 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

237.   The allegations of paragraph 237 of the Plaintiff's Complaint are denied.

238.   The allegations of paragraph 238 of the Plaintiff's Complaint are denied.

239.   The allegations of paragraph 239 of the Plaintiff's Complaint are denied.

240.   The allegations of paragraph 240 of the Plaintiff's Complaint are denied.

241.   The allegations of paragraph 241 of the Plaintiff's Complaint are denied.

242.   The allegations of paragraph 242 of the Plaintiff's Complaint are denied.

243.   The allegations of paragraph 243 of the Plaintiff's Complaint are denied.

244.   The allegations of paragraph 244 of the Plaintiff's Complaint are denied.

245.   The allegations of paragraph 245 of the Plaintiff's Complaint are denied.

246.   To the extent that the allegations in paragraph 246 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

247.   The allegations of paragraph 247 of the Plaintiff's Complaint are denied.

248.   The allegations of paragraph 248 of the Plaintiff's Complaint are denied.

249.   The allegations of paragraph 249 of the Plaintiff's Complaint are denied.

250.   To the extent that the allegations in paragraph 250 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

251.   The allegations of paragraph 251 of the Plaintiff's Complaint are denied.

252.   The allegations of paragraph 252 of the Plaintiff's Complaint are denied.

253.   The allegations of paragraph 253 of the Plaintiff's Complaint are denied.

254.   The allegations of paragraph 254 of the Plaintiff's Complaint are denied.

255.   Paragraph 255 of the Plaintiff's Complaint is rhetorical argument for which no affirmative response is required.

256.   To the extent that the allegations in paragraph 256 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

257.   The allegations of paragraph 257 of the Plaintiff's Complaint are denied.

258.   The allegations of paragraph 258 of the Plaintiff's Complaint are denied.

259.   The allegations of paragraph 259 of the Plaintiff's Complaint are denied.

260.   The allegations of paragraph 260 of the Plaintiff's Complaint are denied.

261.   To the extent that the allegations in paragraph 261 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

262.   The allegations of paragraph 262 of the Plaintiff's Complaint are denied.

263.   The allegations of paragraph 263 of the Plaintiff's Complaint are denied.

264.   The allegations of paragraph 264 of the Plaintiff's Complaint are denied.

265.   The allegations of paragraph 265 of the Plaintiff's Complaint are denied.

266.   The allegations of paragraph 266 of the Plaintiff's Complaint are denied.

267.   The allegations of paragraph 267 of the Plaintiff's Complaint are denied.

268.   The allegations of paragraph 268 of the Plaintiff's Complaint are denied.

269.   The allegations of paragraph 269 of the Plaintiff's Complaint are denied.

270.   To the extent that the allegations in paragraph 270 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

271.   The allegations of paragraph 271 of the Plaintiff's Complaint are denied.

272.   The allegations of paragraph 272 of the Plaintiff's Complaint are denied.

273.   The allegations of paragraph 273 of the Plaintiff's Complaint are denied.

274.   The allegations of paragraph 274 of the Plaintiff's Complaint are denied.

275.   To the extent that the allegations in paragraph 275 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

276.   To the extent that the allegations in paragraph 276 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

277.   To the extent that the allegations in paragraph 277 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

278.   The allegations of paragraph 278 of the Plaintiff's Complaint are denied.

279.   The allegations of paragraph 279 of the Plaintiff's Complaint are denied.

280.   The allegations of paragraph 280 of the Plaintiff's Complaint are denied.

281.   The allegations of paragraph 281 of the Plaintiff's Complaint are denied.

282.   The allegations of paragraph 282 of the Plaintiff's Complaint are denied.

283.   The allegations of paragraph 283 of the Plaintiff's Complaint are denied.

284.   The allegations of paragraph 284 of the Plaintiff's Complaint are denied.

285.   The allegations of paragraph 285 of the Plaintiff's Complaint are denied.

286.   The allegations of paragraph 286 of the Plaintiff's Complaint are denied.

287.   The allegations of paragraph 287 of the Plaintiff's Complaint are denied.

288.   The allegations of paragraph 288 of the Plaintiff's Complaint are denied.

289.   The allegations of paragraph 289 of the Plaintiff's Complaint are denied.

290.   The allegations of paragraph 290 of the Plaintiff's Complaint are denied.

291.   The allegations of paragraph 291 of the Plaintiff's Complaint are denied.

292.   The allegations of paragraph 292 of the Plaintiff's Complaint are denied.

293.   The allegations of paragraph 293 of the Plaintiff's Complaint are denied.

294.   The allegations of paragraph 294 of the Plaintiff's Complaint are denied.

295.   To the extent that the allegations in paragraph 295 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

296.   To the extent that the allegations in paragraph 296 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

297.  The allegations of paragraph 297 of the Plaintiff's Complaint are denied.

298.  The allegations of paragraph 298 of the Plaintiff's Complaint are denied.

299.  The allegations of paragraph 299 of the Plaintiff's Complaint are denied.

300.  The allegations of paragraph 300 of the Plaintiff's Complaint are denied.

301.  The allegations of paragraph 301 of the Plaintiff's Complaint are denied.

302.  The allegations of paragraph 302 of the Plaintiff's Complaint are denied.

303.  The allegations of paragraph 303 of the Plaintiff's Complaint are denied.

304.  The allegations of paragraph 304 of the Plaintiff's Complaint are denied.

305.  To the extent that the allegations in paragraph 305 of the Plaintiff's Complaint are intended to allege that this Defendant has liability to the Plaintiff, or that the Plaintiff is entitled to recovery for the matters alleged in the Complaint, such allegations are denied.

306.  The allegations of paragraph 306 of the Plaintiff's Complaint are denied.

307.  The allegations of paragraph 307 of the Plaintiff's Complaint are denied.

308.  The allegations of paragraph 308 of the Plaintiff's Complaint are denied.

309.  The allegations of paragraph 309 of the Plaintiff's Complaint are denied.

310.  The allegations of paragraph 310 of the Plaintiff's Complaint are denied.

311.  The allegations of paragraph 311 of the Plaintiff's Complaint are denied.

312.  The allegations of paragraph 312 of the Plaintiff's Complaint are denied.

313.    The allegations of paragraph 313 of the Plaintiff's Complaint are denied.

314.    The allegations of paragraph 314 of the Plaintiff's Complaint are denied.

315.    The allegations of paragraph 315 of the Plaintiff's Complaint are denied.

316.    The allegations of paragraph 316 of the Plaintiff's Complaint are denied.

317.    The allegations of paragraph 317 of the Plaintiff's Complaint are denied.

318.    The allegations of paragraph 318 of the Plaintiff's Complaint are denied.

319.    The allegations of paragraph 319 of the Plaintiff's Complaint are denied.

320.    The allegations of paragraph 320 of the Plaintiff's Complaint are denied.

321.    The allegations of paragraph 321 of the Plaintiff's Complaint are denied.

322.    The allegations of paragraph 322 of the Plaintiff's Complaint are denied.

323.    The allegations of paragraph 323 of the Plaintiff's Complaint are denied.

324.    The allegations of paragraph 324 of the Plaintiff's Complaint are denied.

325.    The allegations of paragraph 325 of the Plaintiff's Complaint are denied.

326.    The allegations of paragraph 326 of the Plaintiff's Complaint are denied.

327.    The allegations of paragraph 327 of the Plaintiff's Complaint are denied.

328.    The allegations of paragraph 328 of the Plaintiff's Complaint are denied.

329.    The allegations of paragraph 329 of the Plaintiff's Complaint are denied.

330.    The allegations of paragraph 330 of the Plaintiff's Complaint are denied.

331.    The allegations of paragraph 331 of the Plaintiff's Complaint are denied.

332.   Any allegations of the Plaintiff's Complaint not herein specifically admitted is denied.

## FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief may be granted against this Defendant.

## SECOND DEFENSE

This Defendant is not guilty of the things and matters alleged in Plaintiff's Complaint.

## THIRD DEFENSE

This Defendant states that he is not liable under the doctrine of respondeat superior.

## FOURTH DEFENSE

The Defendant states that the above-described action is due to be dismissed for that the Defendant is a Constitutional Officer of the state of Alabama, who, under § 14 of the Alabama Constitution, is immune from suit.  The Defendant is entitled to absolute immunity for the actions alleged in the Plaintiff's Complaint.

## FIFTH DEFENSE

This Defendant is entitled to qualified immunity on the Plaintiff's claims alleged against it under 42 U.S.C. §§ 1983 and 1985.

01582382.1/2103-0005

## SIXTH DEFENSE

This Defendant is entitled to discretionary function immunity as to any State law claims alleged by the Plaintiff.

## SEVENTH DEFENSE

This Defendant is entitled to State agent immunity under <u>Ex parte</u> <u>Cranman</u>, 792 So.2d 392 (Ala. 2000) from the Plaintiff's State law claims.

## EIGHTH DEFENSE

The Plaintiff's claims contained within Count XII of the Plaintiff's Complaint are due to be dismissed as failing to state a claim upon which relief may be granted against this Defendant.

## NINTH DEFENSE

The claims of the Plaintiff are not ripe in that there is a pending criminal case against the Plaintiff on which the Plaintiff bases his allegations in this action.

## TENTH DEFENSE

This Defendant denies that he is legally liable for the acts, errors or omissions of any other Defendant.

## ELEVENTH DEFENSE

The Plaintiff failed to exercise ordinary care for his own protection.

## TWELFTH DEFENSE

01582382.1/2103-0005

The Plaintiff was contributorily negligent.

## THIRTEENTH DEFENSE

The facts as alleged by the Plaintiff are insufficient as a matter of law to constitute the basis of a claim for intentional inflection of emotional distress under Alabama law.

## FOURTEENTH DEFENSE

This Defendant denies any privity of contract with the Plaintiff.

## FIFTEENTH DEFENSE

This Defendant denies that it violated any right of the Plaintiff.

## SIXTEENTH DEFENSE

This Defendant denies that it breached any duty owing to the Plaintiff.

## SEVENTEENTH DEFENSE

This Defendant specifically denies that he has, in any way, violated any right, privilege or immunity owing to the Plaintiff.

## EIGHTEENTH DEFENSE

This Defendant states that the incident complained of was proximately caused by and independent and/or intervening efficient cause, and not by the acts of this Defendant.

## NINETEENTH DEFENSE

01582382.1/2103-0005

This Defendant states that the sole proximate cause of the alleged injuries and damages sustained by the Plaintiff were the combinations of the actions, non actions or negligence or a person or persons other than this Defendant for whose actions, non actions or negligence these Defendants are in no way liable.

## TWENTIETH DEFENSE

This Defendant states that the sole and proximate cause of the alleged injuries and damages sustained by the Plaintiff was the result of the actions, non actions or negligence or a person or persons other than this Defendant for whose actions, non actions or negligence this Defendant is in no way liable.

## TWENTY-FIRST DEFENSE

This Defendant avers that each and every act done by him was done in good faith believe that the acts were legal, lawful, and proper, and that such acts or omissions were reasonable under the circumstances.  This Defendant invokes his good faith qualified immunity.

## TWENTY-SECOND DEFENSE

With regard to the punitive damages sought by the Plaintiff in this action, Defendant states:

(a)     Said Defendant denies he is guilty of conduct referable to which punitive damages could or should be awarded, and denies that Plaintiff has produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against said Defendant.

01582382.1/2103-0005

(b)     Plaintiff cannot recover punitive damages against said Defendant because such an award, which is penal in nature, would violate said defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States unless said Defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

(c)     Subjecting said Defendant to punitive damages, or affirming an award of punitive damages against said Defendant in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of the Article I, Section 13, of the Alabama Constitution, as separation of property without due process of law, or standards or criteria of due process of law, based upon the following grounds and circumstances, separately and severally assigned:

    (i)     Any award of punitive damages against said Defendant under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof of beyond reasonable doubt;

    (ii)    There is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;

    (iii)   Any punitive damages award would not be subject to post-trial or appellate view on the basis of suitable and sufficient objective standards and criteria;

    (iv)    The power and authority imposed upon the jury under Alabama law as to the amount of punitive damages is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the

assessment of the amount of the award of punitive damages;

(v)     Under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and said defendant's alleged wrongful or culpable conduct;

(vi)    Under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(vii)   Under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or the amount of compensatory damages;

(viii)  In the event that a single verdict be mandated against all defendants herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular Defendant, and such a non-apportionment rule could result in a joint and several verdict against all defendants whereby punitive damages could be assessed against one Defendant based in part upon culpability of another Defendant, and such a joint verdict the single amount could be enforced against a Defendant for any portion of that judgment regardless of defendants culpability or relative culpability;

(ix)    Should the Court require the award of punitive damages in a single, joint, and several verdict of one amount, an adoption of this non-apportionment rule would be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

01582382.1/2103-0005

(x)     Where joint and several punitive damages award is mandated to be in a single amount against each Defendant, such a rule additionally violates a defendant's right to trial by jury as the jury would be prohibited from apportioning damages against the defendants according to the degree of culpability of the conduct of the respective defendants;

(xi)    An award of punitive damages should not be permitted to be assessed against Defendant for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of the defendants;

(xii)   An award of punitive damages should not be permitted to be assessed against said Defendant vicariously as a principle without any further proof of independent, wrongful conduct, or ratification by said Defendant;

(xiii)  Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

(xiv)   Under Alabama law and procedures governing the award in assessment of punitive damages there is no objective, logical, or reasonable standard or criteria which governs the award or the amount of the award of punitive damages;

(xv)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against said Defendant;

(xvi)   The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(xvii)  The procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review on an award of punitive damages;

(xviii)     The procedures pursuant to which punitive damages are awarded may permit admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

(xix)       An award of punitive damages would constitute an arbitrary and capricious taking of property of said Defendant without due process of law.

(xx)        Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State lacks proper standards to "cabin the jury's discretionary authority." Thus, the punitive damage system in place in the State deprives Defendant of "fair notice...of the severity of the penalty that [could be] impose[d]," and subjects Defendant to an "arbitrary punishment" that did not reflect an "application of law" but rather "a decisionmaker's caprice." *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1062 (2007) (citations omitted).

(xxi)       Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State's law does not provide the appropriate standards for the imposition of punitive damages. Thus, the State's procedure for awarding punitive damages unnecessarily deprives juries of proper legal guidance and subjects Defendant to arbitrariness and inadequate notice. "[G]iven the risks of arbitrariness, inadequate notice, and imposing one State's policies on other States, it is particularly important that States avoid procedure that unnecessarily deprives juries of proper legal guidance." *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1059 (2007) (citations omitted).

(xxii)      Any claim for punitive damages, on its face and/or as applied in this case, is improper under the Due Process Clause of the Fourteenth Amendment because there are no standards provided by the State law for the imposition of

punitive damages. "[I]t is constitutionally important for a court to provide assurance that a jury is asking the right question." *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1059 (2007).

(xxiii) Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State lacks proper standards for the imposition of punitive damages. Thus, the punitive damage system in place in State creates an unnecessary risk of confusion and misunderstanding by the jury in awarding such damages. Pursuant to the Due Process Clause of the United States Constitution, this Court must protect Defendant. "Where the misunderstanding is a significant one…a court, upon request, must protect against that risk." *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1065 (2007). [F]ederal constitutional law obligates [courts] to provide *some* form of protection [to defendants] in appropriate cases." *Id.* (emphasis in original).

(xxiv) Alabama's verbal formulations for post-judgment review of a punitive damage award fail to provide constitutionally sufficient standards for protecting a Defendant against an inappropriate penalty. *Exxon Shipping Company v. Baker,* 128 S. Ct. 2605, 2627-28 (2008).

(xxv) Current Alabama law lacks constitutionally sufficient "rigorous standards" for the prevention of "unpredictable outlying punitive awards." *Exxon Shipping Company v. Baker,* 128 S. Ct. 2605, 2629 (2008).

(xxvi) Alabama law lacks constitutionally sufficient standards "to protect against the possibility (and the disruptive cost to the legal system) of awards that are unpredictable and unnecessary, either for deterrence or for measured retribution." *Exxon Shipping Company v. Baker,* 128 S. Ct. 2605, 2633 (2008).

(d)    Plaintiff is not entitled to punitive damages from said Defendant pursuant to the facts as alleged in Plaintiff's Complaint.

(e)    The claim of Plaintiff for punitive damages against said Defendant is barred by the Fourteenth Amendment to the United States Constitution and by the Alabama Constitution.

(f)    Imposition of punitive damages in this case against said Defendant would contravene the commerce clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

(g)    To award punitive damages against said Defendant in this case would have a chilling affect upon said defendant's rights to open access to the courts of this State in violation of the United States Constitution and the Alabama Constitution, separately and severally.

(h)    Imposition of punitive damages in this case would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I, Section 15, of the Alabama Constitution.

(i)    To award punitive damages against said Defendant in this case would violate the Contracts Clause of Article I, Section 10, of the United States Constitution, as an award of punitive damages would impair contractual obligations.

(j)    Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria to govern the award, in the amount of the award of punitive damages, said Defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, §§ 1, 6, and 22, of the Alabama Constitution, separately and severally.

(k)    Plaintiff's claim for punitive damages violates the rights of said Defendant to due process of law and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages as set forth in *Hammond v. City of Gadsden* and *Green Oil*

*Company v. Hornsby* is unconstitutionally vague and inadequate in the following respects:

(i)    The *Hammond* and *Green Oil* procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

(ii)   The *Hammond* and *Green Oil* procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for said Defendant;

(iii)  The *Hammond* and *Green Oil* procedure provides inadequate review and a vague standard regarding the relationship of the punitive damages award to the harm;

(iv)   The *Hammond* and *Green Oil* procedure does not address, nor does it cure the lack of guidelines to be given to the jury in the assessment of punitive damages;

(v)    The *Hammond* and *Green Oil* procedure is inadequate in that the trial court "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

(vi)   The *Hammond* and *Green Oil* procedure fails to provide definite and meaningful constraints on the jury's discretion in awarding punitive damages.

(l)    Plaintiff's Complaint seeks to make said Defendant liable for punitive damages. Said Defendant adopts by references the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678 (2001), *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); *Phillip Morris v. Williams*, ___ U.S. ___, 127 S. Ct.

1057, 166 L. Ed. 2d 940 (2007) and *Exxon Shipping Company v. Baker*, ___U.S. ___, 128 S. Ct. 2605 (2008).

(m)    The demand for punitive damages in the instant case is subject to those limitations established by the Alabama Legislature and set forth in Section 6-11-21, Code of Alabama.

(n)    If multiple punitive damages awards were assessed against said Defendant in different jurisdictions, or in the same jurisdiction, it would violate the Constitutions of the United States and of the State of Alabama, violating said defendant's rights to due process and to a jury trial and violating said defendant's right against double jeopardy.

(o)    If punitive damages were assessed against said Defendant for conduct or events allegedly occurring in states other than in the forum state, said Defendant would be denied due process of law, the right to trial by jury, and the right against double jeopardy under the Constitutions of the United States and the State of Alabama.

(p)    The imposition of punitive damages sought by Plaintiff violates said defendant's rights to due process and equal protection of the laws under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines under the Eighth Amendment to the United States Constitution in that:

   (i)    Alabama law and the Alabama punitive damages scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so, in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficient clear standard for determining the appropriate size of such an award. Alabama law and the Alabama punitive damages scheme leave the determination of whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the finder of fact without providing adequate or meaningful guidelines for, or limits to, the exercise of that discretion.

(ii)    Said Defendant had no notice or means of ascertaining whether, or if so in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case.  That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject said Defendant to punitive damages or as to the potential amount of such an award.

(iii)   Under Alabama and the Alabama punitive damages scheme, the jury is not instructed on the limits of punitive damages imposed by the purposes for which such damages are assessed.

(iv)    Under Alabama law and the Alabama punitive damages scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of unduly discriminatory characteristics, including the corporate status of the Defendant.

(v)     No provision of Alabama law or the Alabama punitive damages scheme provides adequate procedural safeguards consistent with the criteria set forth in *State Farm Mutual Automobile Insurance v. Campbell, BMW of North America, Inc. v. Gore, Pacific Mutual Life Insurance Company v. Haslip*, and *Matthews v. Eldridge*, exist for the imposition of a punitive damages award.

(vi)    Alabama law and the Alabama punitive damages scheme do not provide for adequate post-trial review of punitive damages awards or the amount thereof and do not provide objective standards for such review.

(vii)   Under Alabama law and the Alabama punitive damages scheme, there is no limit to the number of times said Defendant could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

(q)    Another effect of Alabama's punitive damages scheme is to impose punitive damages in an arbitrary, capricious, and discriminatory manner. The lack of adequate guidelines or review inevitably leads to variations

in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest. As a result, the constitutional mandates for equal protection of the laws as provided under the Fourteenth Amendment to the United States Constitution are violated.

(r)   Insofar as the punitive damages awards sought by Plaintiff seeks to impose punitive damages under Alabama law for conduct in other states, the award violates:

    (i)   Said defendant's rights to due process and due course of law under the Fourteenth Amendment to the United States Constitution and the guarantees of due process of law provided under the Alabama Constitution of 1901;

    (ii)   The dormant or negative commerce clause derived from Article I, Section 8, Clause 3 of the United States Constitution;

    (iii)   The full faith and credit clause of Article IV, Section 1 of the United States Constitution;

    (iv)   The requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and

    (v)   The prohibition against excessive fines in the United States Constitution.

## DEFENDANT DEMANDS TRIAL BY JURY

s/T. Kelly May
T. Kelly May (asb-6090-y57t)
Paul F. Malek (asb-0656-A48P)
Eris Bryan Paul (asb-6350-S81P)
Attorneys for Defendant,
Deputy Sheriff Josh Forrest

01582382.1/2103-0005

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
Suite 200
2801 Highway 280 South
Birmingham, Alabama 35223-2484
TEL:  (205) 251-1193
FAX: (205) 251-1256
tkm@hfsllp.com
hcl@hfsllp.com
ebp@hfsllp.com

          s/Frank C. Ellis, Jr.
          Frank C. Ellis, Jr.
          Attorney for Defendant

**OF COUNSEL:**
WALLACE, ELLIS, FOWLER & HEAD
111North Main Street
P.O. Box 587
Columbiana, Alabama 35051
TEL:  (205) 669-6783
FAX: (205) 669-4932
fellis@wefhlaw.com

01582382.1/2103-0005

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this **29ᵗʰ** day of **June, 2011**, electronically filed the foregoing with the Clerk of Court using the CM/ECF system and by placing a copy of same in the United States Mail, postage paid to the following:

Kesiena Tani
P.O. Box 383172
Birmingham, AL 35238
**Pro Se**

s/T. Kelly May
OF COUNSEL

01582382.1/2103-0005