FILED
 2012 Jan-31  AM 10:33
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KESIENA TANI,** ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | Civil Action Number |
| **SHELBY COUNTY ALABAMA,** ) | **2:11-cv-1479-AKK** |
| **et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the court on motions to dismiss filed by all Defendants. *See* docs. 15, 16, 17, 22, 23. On December 14, 2011, the magistrate recommended that these motions to dismiss be granted, doc. 25, and Plaintiff Kesiena Tani ("Tani") filed an objection to that recommendation, doc. 26.

First before the court is Tani and Defendants Engel Realty Company, LLC, Madison at Shoal Run, LLC, William A. Bulter, William E. Coleman III, Herbert W. Goings, Tiffany Savincki, and Richard A. Diamond's (collectively "Engel Defendants") joint motion to dismiss. Doc. 22. As this is a joint motion, the court **ACCEPTS** the magistrate judge's recommendation, **GRANTS** this motion, and dismisses Tani's claims against the Engel Defendants **WITH PREJUDICE**, each party to bear its own costs. Additionally, in light of this joint motion to dismiss,

the court **DENIES as MOOT** the Engel Defendants' original motion to dismiss, doc. 15.

Also before the court are Shelby County Sheriff Chris Curry and Shelby County Deputy Sheriff Josh Forrest's (collectively "Sheriff Defendants") motion to dismiss, doc. 16, and Shelby County, Alabama, Alex Dudchock, Corley Ellis, Robbie Hayes, Tommy Edwards, Jon Parker, Daniel M. Acker, Joel Bearden, Larry Dillard, Lindsey Allison, and Rick Shepard's (collectively "County Defendants") motion to dismiss, doc. 17.  Finally before the court is the Sheriff Defendants and County Defendants' collective supplemental motion to dismiss, doc. 23, filed in response to Tani's "Supplement to First Amended Complaint," doc. 21.  The magistrate judge's report and recommendation found that after three opportunities to state a valid claim for relief, Tani failed to do so even with the liberal pleading construction afforded *pro se* litigants.  *See* doc. 25, at 6-10.  The magistrate also dismissed the Shelby County Sheriff's Department *sua sponte* under *White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991) (finding that an Alabama County's Sheriff Department "is not a legal entity subject to suit").  *See* doc. 25, at 10.

After careful consideration of the record in this case *de novo*, the magistrate judge's report and recommendation, and objections thereto, the court hereby

**ADOPTS** the report of the magistrate judge as it relates to Tani's failure to state a claim against the Sheriff Defendants and the County Defendants.[1]  The court also **ADOPTS** the report as it relates to the dismissal of the Shelby County Sheriff's Department.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The Eleventh Circuit instructs that Rule 12(b)(6) "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element[s]." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial

---

[1] Beyond reasserting arguments previously made, in his objections to the magistrate judge's report and recommendation, Tani seeks relief under Federal Rule of Criminal Procedure 41(g).  Doc. 26, at 2.  However the Federal Rules of Criminal Procedure are not applicable in this civil action.

experience and common sense." *Iqbal*, 129 S. Ct. at 1950. Here, Tani's First Amended Complaint, doc. 14, and Supplement to his First Amended Complaint, doc. 21, simply provide conclusory accusations of unlawful behavior and fail to demonstrate more than the mere possibility that the Defendants acted unlawfully. *See Iqbal*, 129 S. Ct. at 1950.

The court therefore **ACCEPTS** the recommendations of the magistrate judge and it is, therefore,

**ORDERED, ADJUDGED and DECREED** that the Sheriff Defendants and the County Defendants' motions to dismiss, docs. 16, 17, 21, are hereby **GRANTED** and that the claims against the Shelby County Sheriff's Department are **DISMISSED**. This action is hereby **DISMISSED WITH PREJUDICE**, each party to bear its own costs.

Done the 31st day of January, 2012.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE